**Adellar LAYE, Plaintiff–Appellant,**

v.

**AMERICAN DRUG STORES, INC., d/b/a/ Osco Drug/Sav–On Drugs, an Illinois corporation Defendant–Appellee.**

No. 00–3608.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 21, 2002 *.

Decided Feb. 21, 2002.

Before POSNER, EASTERBROOK and RIPPLE, Circuit Judges.

## ORDER

Adellar Laye sued under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, claiming that her employer subjected her to a racially hostile work environment and then retaliated when she

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

complained. Because of the discrimination, Ms. Laye allegedly suffered "physical and emotional ailments, including anxiety, a rash, headaches, hair loss and recurring pain in her arm." Ten days before her deposition, Ms. Laye had consulted a rheumatologist for evaluation of nearly identical symptoms, and he opined that lupus was the probable cause and prescribed medication to treat that disease. But when asked at her deposition about her medical treatment, Ms. Laye did not disclose the rheumatologist's diagnosis or course of treatment. She offered instead that her ailments were the result of stress, initially brought on by her problems at work and later because she was "reliving it all" during litigation. Later, when Osco discovered the omission from Ms. Laye's deposition, the district court imposed a $2500 sanction. After allowing Ms. Laye's counsel to withdraw, the court granted summary judgment for Osco because she failed to demonstrate a triable case on the merits.

■ In her brief Ms. Laye identifies as appellate issues the grant of summary judgment, the imposition of sanctions, the ruling allowing her lawyers to withdraw, and the failure to secure her another lawyer. As for whether summary judgment was appropriate, however, Ms. Laye's brief provides no supporting facts, legal authority, or argument. Her brief references the underlying summary judgment only in its "Statement of Issues," and there Ms. Laye simply says that summary judgment was improper because genuine issues of material fact exist. Appellate briefs must contain an argument that does more than assert general error. *See* Fed. R.App. P. 28(a)(9)(A); *see also Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir.1998) (per curiam). Although this court construes pro se filings

liberally, *Greer v. Bd. of Educ.*, 267 F.3d 723, 727 (7th Cir.2001), even pro se litigants must make some semblance of an argument and support it with legal authority, *see Anderson*, 241 F.3d at 545. Ms. Laye's unelaborated assertion that the district court improperly granted summary judgment in favor of her employer is therefore waived. *See United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir.2000).

■ Ms. Laye's remaining arguments are without merit. Her principal complaint concerns the $2500 sanction. Federal Rule of Civil Procedure 37(c)(1) provides for a sanction of expenses or fees if a party without "substantial justification" fails to disclose information required by Rule 26(a), unless the failure to disclose was "harmless." Fed.R.Civ.P. 37(c)(1). In turn, Federal Rule of Civil Procedure 26(a)(5) provides that "[p]arties may obtain discovery by ... depositions upon oral examination." Fed.R.Civ.P. 26(a)(5); *see Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir.1995). Rule 37 sanctions are reviewed for abuse of discretion, *see Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *In re Golant*, 239 F.3d 931, 937 (7th Cir.2001), so we will uphold the sanction unless it is "downright unreasonable." *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir.1999) (internal quotation and citation omitted).

Here Ms. Laye does not argue that her failure to disclose her rheumatologist or his treatment of her was "harmless." She asserts instead that the questions asked at her deposition did not require disclosure. But this excuse is untenable given the range of questions put to Ms. Laye. She was asked, for example, whether she had *ever* received treatment for arm and leg pain, sleeplessness, fatigue, and memory problems. She responded negatively even though she had seen a doctor less than two

weeks before, complaining about many of the same ailments. Worse, Ms. Laye compounded her omissions by blaming her recurrent symptoms on stress, first because of her work environment and later because she was "reliving it all" during litigation. It was accordingly within the district court's discretion to sanction Ms. Laye.

With respect to the amount, Ms. Laye suggests that $2500 is exorbitant because she is indigent. Financial means are an "equitable consideration" when sanctions are imposed under Federal Rule of Civil Procedure 11, *Johnson v. A.W. Chesterton Co.*, 18 F.3d 1362, 1366 (7th Cir. 1994), and a district court may consider an attorney's ability to pay sanctions imposed under 28 U.S.C. § 1927, although it is not "bound to do so," *Fox Valley Constr. Workers Fringe Benefit Funds v. Pride of the Fox Masonry and Expert Restorations*, 140 F.3d 661, 667 (7th Cir.1998). But Ms. Laye cites no authority for her view that a court must consider the ability of a party to pay a sanction before it can impose one under Rule 37. More importantly, Ms. Laye never presented the district court with proof of her inability to pay, a burden that was hers if indeed finances were relevant. *See Johnson*, 18 F.3d at 1366.

Ms. Laye's remaining arguments about her lawyers are frivolous. She insists that her lawyers did not effectively represent her because they allowed her to be misled at her deposition, but litigants have no right to effective assistance of counsel in civil cases. *See, e.g., Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir.2001); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 802 (7th Cir.2000); *cf. Lassiter v. Department of Social Servs. of Durham County, N.C.*, 452 U.S. 18, 26, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981) (explaining that "as a litigant's interest in personal liberty diminishes, so does his right to appointed coun-

sel"). Ms. Laye also argues that the district court should have kept her lawyers in the case or sought out new counsel after they withdrew. But nothing in the record demonstrates that Ms. Laye objected to her lawyers' motion to withdraw. *See Stafford v. Mesnik*, 63 F.3d 1445, 1448 (7th Cir.1995) (explaining that a motion to withdraw may be granted if the client consents or the lawyer establishes compelling reasons to grant the motion "over objection"). Nor is there any evidence that Ms. Laye ever asked the district court to enlist new counsel.

AFFIRMED.