**Patricia VLASEK & Joseph Vlasek, Plaintiffs–Appellants,**

v.

**Michael NEMITZ, Defendant–Appellee.**

**No. 02–2423.**

United States Court of Appeals, Seventh Circuit.

Submitted March 26, 2003.*

Decided June 25, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

**364**

See also: 325 F.3d 955.

Before COFFEY, RIPPLE, and DIANE P. WOOD, Circuit Judges.

ORDER

Patricia Vlasek and her disabled adult son, Joseph Vlasek, brought this action under 42 U.S.C. § 1983, alleging in relevant part that Michael Nemitz, a health inspector for the Village of Homewood, Illinois, deprived them of due process when he participated in shutting off the water to the house where they were living, evicting them from the residence, changing the locks, and refusing to let them back in to collect their personal property. At the time of Nemitz's alleged conduct, the Vlaseks were resisting efforts by the bankruptcy trustee in Joseph's case under Chapter 7 to sell the house to satisfy creditors. *See In re Vlasek,* No. 325 F.3d 955, 958, 959 (7th Cir.2003). The district court dismissed the § 1983 suit with prejudice after Nemitz asserted that Ms. Vlasek had failed to produce requested discovery or appear for a deposition. The Vlaseks appeal, and we affirm the order of dismissal as to Ms. Vlasek and vacate and remand it for further proceedings as to Joseph Vlasek.

In July 2001, Ms. Vlasek filed a pro se complaint naming both herself and Joseph (in 1997 Ms. Vlasek became the plenary guardian of Joseph's person, *see* 755 ILCS 5/11a–12(b)) as plaintiffs. In December, after several failed attempts to enlist counsel to assist the Vlaseks, the district court issued a scheduling order setting May 10, 2002, as the deadline to complete discovery and file dispositive motions and setting trial for that June. The court informed the parties that these dates were firm. On March 4, 2002, Nemitz served the Vlaseks with interrogatories and requests for production. A month passed without a response, so on April 8, Nemitz moved to

extend the May discovery deadline. The district court refused, explaining that Nemitz had failed to show that he "exercised due diligence in conducting discovery or enforcing his discovery rights." R. at 40. Meanwhile, on April 10, counsel for Nemitz wrote the Vlaseks urging them to provide discovery. Counsel also tried to telephone the Vlaseks, but the number given in their court submissions was no longer in service and his own independent efforts to find a listing for them had proved fruitless.

Then on April 16 or 17 Ms. Vlasek left a message with Nemitz's counsel requesting until April 25 to tender discovery. She left a new telephone number, but counsel's numerous attempts to contact her or leave a message at the number were unavailing. Ms. Vlasek did not provide her discovery responses by April 25 as promised, and on April 30, with the May 10 deadline looming, Nemitz moved to compel the Vlaseks to provide discovery and a working telephone number within seven days.

On May 9, the day before the discovery deadline, the district court heard the motion to compel. Both Ms. Vlasek and Nemitz's counsel were present, but Joseph did not appear either pro se or through counsel. When counsel told the court that the Vlaseks still had not provided discovery, Ms. Vlasek responded that she had not received the interrogatories or requests for production mailed on March 4. Instead, she said, she had received only some unspecified documents mailed on April 30. Nemitz's counsel then explained to the court that Ms. Vlasek must have received the interrogatories and requests for production because she responded to his April 10 letter by leaving a telephone message asking for another week to answer them. When the court questioned Ms. Vlasek about her voicemail, she did not answer directly, instead insisting that she had not received a "long set" of discovery requests until the beginning of May. Motion to Compel Tr. at 5. But the court believed otherwise:

> I don't find that credible because if you requested an extension of time on April 17th, you requested an extension of time. And you haven't directly answered my question to that. You requested an extension of time, that meant that you knew that you were overdue. So I find that you are in default by not answering this discovery. I'll give you until next Monday to respond to all outstanding discovery or the case will be dismissed.

*Id.* The court then granted Nemitz's motion to compel and again warned Ms. Vlasek that if she did not tender discovery by May 13 her case would be dismissed. The court issued a minute order later that same day reiterating that the Vlaseks had until May 13 to tender discovery or face dismissal.

Meanwhile, in mid-April Nemitz had subpoenaed Ms. Vlasek to appear for a deposition on May 9. Ms. Vlasek did not appear and offered no explanation for her absence. According to Nemitz, neither did she provide any discovery responses by May 13 as ordered. So on May 16, 2002, Nemitz filed a motion to dismiss the Vlaseks' complaint under Federal Rule of Civil Procedure 37(b)(2)(C) and 37(d). Nemitz requested that the district court either dismiss the complaint with prejudice or grant his newly filed motion for summary judgment. Ms. Vlasek did not respond to either the motion to dismiss or the motion for summary judgment, and on May 23 the court granted the motion to dismiss in a short minute order terminating the case "with prejudice pursuant to Rule 37." R. at 46.

We review a decision to sanction a plaintiff with dismissal only for abuse of discre-

tion. *Dotson v. Bravo,* 321 F.3d 663, 666 (7th Cir.2003). In addition, we review findings of fact contributing to the district court's ruling for clear error. *Id.* at 667; *Golant v. Levy,* 239 F.3d 931, 936 (7th Cir.2001). Federal Rule of Civil Procedure 37(b)(2) authorizes a court to impose a variety of sanctions up to and including dismissal where a party "fails to obey an order to provide or permit discovery." Fed.R.Civ.P. 37(b)(2). Rule 37(d) likewise authorizes dismissal if a party fails to appear for a properly noticed deposition. Fed.R.Civ.P. 37(d). Nevertheless, dismissal is a harsh sanction, and its use should be limited. *Maynard v. Nygren,* 332 F.3d 462 (7th Cir.2003); *Ladien v. Astrachan,* 128 F.3d 1051, 1057 (7th Cir. 1997). Dismissal is proper where the offending party has displayed willfulness, bad faith or fault. *Downs v. Westphal,* 78 F.3d 1252, 1257 (7th Cir.1996). Still, the district court need not impose lesser sanctions before resorting to dismissal. *Halas v. Consumer Servs., Inc.* 16 F.3d 161, 165 (7th Cir.1994).

Although Joseph's name appears in the caption on the notice of appeal, only Ms. Vlasek submitted a brief. She asserts that her missed deposition was the reason for her dismissal, and argues that the sanction was imposed without warning. True, the court did not warn Ms. Vlasek that *missing a deposition* would lead to dismissal, but it did warn her that failing to respond to Nemitz's discovery requests would.

At the hearing on the motion to compel, the district court disbelieved Ms. Vlasek's protestation that she had not received any discovery requests until early May. The court also determined that Ms. Vlasek knew her responses were overdue. On that basis, the court warned Ms. Vlasek that she was "in default by not answering discovery." Motion to Compel Tr. at 5. Still, the court offered Ms. Vlasek an op-

portunity to rectify the situation and respond by May 13, three days after the original "firm" May 10 deadline.

■ Ms. Vlasek argues for the first time in her reply brief that she did indeed respond to the discovery requests by May 13. But, by raising this argument for the first time in her reply brief, Ms. Vlasek has waived it. *See Gable v. City of Chicago,* 296 F.3d 531, 538 (7th Cir.2002); *see also Provident Sav. Bank,* 71 F.3d 696, 699–700 (7th Cir.1995) (pro se litigant subject to same waiver rules as represented party). Nothing in the record bears out her assertion that she provided the discovery. In any event, if Ms. Vlasek did tender discovery by May 13 as ordered, she should have responded to Nemitz's May 16 motion to dismiss and explained as much to the district court. *Cf. McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Without the benefit of such a response, the district court could not have been expected to know that Ms. Vlasek had complied with its order to provide the requested discovery.

■ We have explained that the "fault" required to sustain a dismissal under Rule 37 refers not to "the non-complying party's subjective motivation," but to the lack of reasonableness "which eventually culminated in the violation." *Langley by Langley v. Union Elec. Co.,* 107 F.3d 510, 514 (7th Cir.1997) (quotations and citation omitted). We infer that when the court dismissed Ms. Vlasek's suit it determined that her continued failure to respond to discovery was unreasonable, i.e., that she was at fault. *See Golant,* 239 F.3d at 936 (appellate court may infer that district court found willfulness, bad faith or fault). Here, the district court's decision implicitly

rested on the conclusion that Ms. Vlasek was at fault for completely ignoring the court's earlier directive to respond to Nemitz's discovery requests. A dismissal on that basis cannot be characterized as so disproportionate to Ms. Vlasek's conduct as to constitute an abuse of discretion. Thus, we do not reach Nemitz's alternate contention that dismissal was also proper under Rule 37(d) because Ms. Vlasek missed her deposition, a sanction he suggests does not require a finding of willfulness or bad faith. *See Halas,* 16 F.3d at 165 n. 6.

Accordingly, we affirm the district court's dismissal as to Ms. Vlasek based on her failure to comply with discovery. However, the dismissal was improper as to Joseph, who did not have counsel and, as a ward of Ms. Vlasek, could neither proceed pro se, *see T.W. by Enk v. Brophy,* 124 F.3d 893, 895 (7th Cir.1997), nor be represented by his mother, a non-lawyer. *See Navin v. Park Ridge Sch. Dist.,* 270 F.3d 1147, 1148–49 (7th Cir.2001) (per curiam). We do not think that, under the present circumstances, the shortcomings of Ms. Vlasek ought to be visited on her son. We therefore vacate the dismissal as to Joseph and remand for further proceedings. We encourage the district court on remand to enlist counsel to assist Joseph, and to explore further Ms. Vlasek's authority to participate in the litigation on his behalf. *See In re Marriage of Drews,* 115 Ill.2d 201, 104 Ill.Dec. 782, 503 N.E.2d 339, 342 (1987) (Illinois statute governing guardianship of the person does not specifically grant guardian standing to maintain or defend legal proceedings on ward's behalf).

AFFIRMED in part and REMANDED in part VACATE the dismissal as to Joseph