**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 27, 2004,[1]
Decided October 27, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 04-2702

| | |
|---|---|
| JOSEPH VLASEK, <br>     *Plaintiff-Appellant,* <br><br>     *v.* <br><br> MICHAEL NEMITZ, <br>     *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 01 C 5870 <br><br> Suzanne B. Conlon, <br> *Judge.* |

**O R D E R**

Patricia Vlasek and her disabled adult son Joseph, acting pro se, filed this lawsuit alleging that Michael Nemitz, an employee of the Village of Homewood, violated their civil rights while assisting in their eviction. The district court dismissed the case based on Ms. Vlasek's failure to comply with discovery orders. On appeal we affirmed the dismissal as to Ms. Vlasek, but vacated the dismissal as to Mr. Vlasek and remanded the case, encouraging the district court to enlist counsel to assist Mr. Vlasek. *See Vlasek v.*

---

[1] This successive appeal has been submitted to the panel that decided the original appeal. *See* Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

*Nemitz*, Case No. 02-2423 (June 25, 2003) (unpublished order). Six months after enlisting counsel for Mr. Vlasek, the district court granted the defendant's motion for summary judgment, finding that Nemitz had acted properly in response to an order of a bankruptcy judge.

Mr. Vlasek, again acting pro se, now appeals the district court's decision. His brief, however, does not address the district court's order granting summary judgment. Rather, he asserts that the district court erred by "dismissing Plaintiff's case with prejudice for a relatively minor infraction involving dates of events." Appellant's Br. at 2. But the court did not dismiss his case with prejudice–it granted summary judgment for the defendant. And the decision to do so was based on the merits of the case, not on any procedural infraction. In fact, the brief Mr. Vlasek has submitted appears to have been copied almost entirely from the appellant's brief in the earlier appeal, No. 02-2423, which did involve a dismissal based on a procedural default. Although we construe pro se filings liberally, *see Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), such filings must at least minimally discuss the order presently on appeal in order to comply with Rule 28 of the Federal Rules of Appellate Procedure. Mr. Vlasek's brief does not do so, and the appeal must therefore be dismissed.

DISMISSED