**Nona FARRAR, Plaintiff–Appellant,**

v.

**CITY OF CHICAGO, et al., Defendants–Appellants.**

No. 02–2727.

United States Court of Appeals, Seventh Circuit.

Submitted March 27, 2003.*

Decided March 27, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

## ORDER

Nona Farrar appeals a dismissal for failing to comply with discovery orders in her civil-rights lawsuit against the City of Chicago and members of the its fire, police, and streets-and-sanitation departments. We affirm.

The essence of Farrar's lawsuit is that city employees—virtually all of them unidentified—conspired to make her life difficult and drive her insane in order to "teach her a lesson" for filing previous lawsuits and information requests. According to Farrar, city employees conducted surveillance of all of her actions inside her home, including the bathroom, and monitored her telephone calls, computer activity, and mail. And to let Farrar know the conspirators were watching her, the "agreed signal" was "the use of sirens, horns, planes and or physically showing up, all of which was always too perfectly timed and too routine (to be coincidental) with what plaintiff did." Based on this alleged conspiracy, Farrar asserted a number of claims under federal and Illinois law. At the city's urging the district court (a different judge from the one who ultimately dismissed her case) dismissed some of her claims but nonetheless concluded that Farrar stated a claim against the city under 42 U.S.C. § 1983 for municipal liability. *Farrar v. City of Chicago*, No. 00 C 1675, 2001 WL 184979 (N.D.Ill. Feb. 22, 2001). Discovery, and the events relevant to this appeal, ensued.

In April 2002 the city filed two motions to compel discovery, *see* Fed.R.Civ.P. 37(a), one to force Farrar to produce requested documents and answer interrogatories and the other to compel her to sit for a deposition. A hearing was held before a magistrate judge on April 11. At the hearing Farrar initially opposed the motions on the ground that she believed the discovery was unlikely to produce admissible evidence, but then she explained she was refusing to comply because the city had acted in bad faith with respect to her own discovery requests and had "totally messed up the case." (A year earlier Farrar had also filed motions to compel discovery, which a different magistrate judge denied as "harassment.") The magistrate judge explained to Farrar that her excuses were insufficient and granted the motions, ordering her to produce the documents and answer the interrogatories the next day and to sit for her deposition scheduled for April 18. The magistrate judge also explained to Farrar that failing to comply with the orders could result in dismissal of her case. Farrar explained that she understood—but then when asked whether she would attend the deposition she stated, "No, I won't be there. Definitely not," and when asked whether she

would produce the documents and answer the interrogatories she said, "No, absolutely not."

On April 19, after Farrar ignored the court's orders, the city moved to dismiss the case under Federal Rule of Civil Procedure 37(b). The district court granted the motion and dismissed the case based on Farrar's failure to comply with the orders to compel and her "refusal to participate in discovery."

District courts have discretion to impose sanctions, including dismissal, for failure to comply with discovery orders, and we review the district court's decision to dismiss Farrar's case for abuse that discretion. *Dotson v. Bravo*, 321 F.3d 663, 666–67 (7th Cir.2003). Dismissal under Rule 37 is appropriate when a plaintiff fails to comply with a discovery order and that failure results from willfulness, bad faith, or fault. *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001); *Long v. Steepro*, 213 F.3d 983, 987 (7th Cir.2000); *Ladien v. Astrachan*, 128 F.3d 1051, 1056 n. 5 (7th Cir.1997). We review factual findings of willfulness, bad faith, or fault for clear error. *Golant*, 239 F.3d at 936. On appeal Farrar devotes much of her brief to documenting what she believes were bad-faith actions by the city during discovery and previous rulings by the district court that she believes were incorrect.

But these issues are beside the point. Farrar cannot willfully disobey court orders just because she believes the city has itself acted improperly or because she disagrees with previous rulings. Farrar made clear at the hearing that she would not comply with the court's orders, and the district court explicitly found that Farrar's noncompliance was based of her "refusal" to do so. Moreover, the magistrate judge explained to Farrar that such refusal could result in dismissal. *See Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir.2000). This was sufficient for the district court to dismiss the case. *See Golant*, 239 F.3d at 936; *Halas v. Consumer Serv., Inc.*, 16 F.3d 161, 164–165 (7th Cir.1994). Given these circumstances, the district court did not abuse its discretion in dismissing Farrar's case.

AFFIRMED