Nona **FARRAR**, Plaintiff–Appellant,

v.

**CITY OF CHICAGO et al.,**
**Defendants–Appellees.**

No. 03–2186.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 22, 2003.[*]

Decided Dec. 22, 2003.

Nona Farrar, pro se, Chicago, IL, for Plaintiff–Appellant.

Suzanne M. Loose, Office of the Corporation Counsel, Chicago, IL, for Defendants–Appellees.

Before RIPPLE, MANION and WILLIAMS, Circuit Judges.

ORDER

Nona Farrar sued the City of Chicago and various officials of the City and its police and fire departments in state court, claiming that the City intentionally interfered with her prosecution of a then-ongoing lawsuit against the City by erasing tapes of 9–1–1 emergency calls. Farrar argued in her complaint that these tapes would have helped prove her case in the pending action, in which she claimed that City employees had conspired to retaliate for her past lawsuits against the City by

---

[*] After examining the briefs and record, we conclude that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

spying on her and generally making her life difficult through the "use of sirens, horns, planes and or physically showing up." *Farrar v. City of Chicago*, 61 Fed. Appx. 967, 968 (7th Cir.2003) (unpublished). Farrar's initial complaint in state court alleged intentional spoliation of evidence and interference with prospective advantage due to the City's interference with her lawsuit. However, after the lawsuit was removed to federal court, the district court allowed her to amend her complaint to add ten additional claims. In April 2003, the district court granted the City's motion to dismiss for failure to state a claim, and Farrar appeals.

The district court carefully . examined Farrar's claims. In its order dismissing Farrar's amended complaint, the court analyzed each of the twelve counts individually, attempting unsuccessfully to extract a viable legal claim from Farrar's arguments. In her brief on appeal, Farrar responds to the dismissal by reiterating the facts and case law that she presented to the district court, but we find no fault in the district court's analysis of any of her claims.

Farrar's principal contention in this lawsuit is that the City intentionally destroyed 9–1–1 tapes in order to cause her to lose her then-pending lawsuit against the City. However, the district court dismissed the earlier case and we affirmed that judgment because Farrar chose not to comply with discovery orders, not because of any action by the City. *Id.* Therefore, even if we were to assume that the City intentionally destroyed the tapes to cause Farrar to lose her earlier lawsuit, she cannot prove that she was harmed by the City's actions, and her case has no merit. *See Henderson v. Sheahan*, 196 F.3d 839, 848 (7th Cir.1999) (it is axiomatic in tort law

that to recover monetary damages plaintiff must establish that she has been harmed by defendants' actions).

AFFIRMED.