**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2005[*]
Decided July 8, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-3864

| | |
|---|---|
| NONA FARRAR, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 04 C 3371 |
| MUHAMMAD ELDIBANY, et al., *Defendants-Appellees*. | James B. Moran, *Judge*. |

**O R D E R**

Nona Farrar sued a number of parties including her landlord, her building's management company, the City of Chicago and several unidentified building inspectors for their role in her apartment building's loss of heat and hot water for three or four days while the building's boiler was replaced. In her eleven-count complaint, Farrar claims that the defendants violated her constitutional rights by leaving her without heat and hot water and later threatening her with eviction should she decide to withhold rent. Farrar also claims that her landlord and

---

[*] After examining the briefs and record, we conclude that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

management agency retaliated against her in violation of the Fair Housing Act, 42 U.S.C. §§ 3601-31, by increasing her rent and attempting to collect a $700 debt after she complained about the conditions in the building.

In a thorough decision that analyzes each of Farrar's claims, the district court dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court first rejected Farrar's constitutional claims, noting that the Constitution does not guarantee access to heat and hot water in a building owned and operated by private parties. The court then dismissed Farrar's claim under the Fair Housing Act, reasoning that the Act is limited in scope to discrimination related to the acquisition, not the maintenance, of housing, and that Farrar's complaint establishes that every tenant in her building was equally affected by the boiler replacement. After dismissing the federal claims, the district court declined to exercise supplemental jurisdiction over Farrar's state-law claims.

The district court was correct. Farrar has no constitutional right to continuous heat and hot water in her privately owned and managed apartment. *See Lindsey v. Normet*, 405 U.S. 56, 74 (1972) ("[T]he Constitution does not provide judicial remedies for every social and economic ill. We are unable to perceive in that document any constitutional guarantee of access to dwellings of a particular quality . . . . Absent constitutional mandate, the assurance of adequate housing and the definition of landlord-tenant relationships are legislative, not judicial, functions."). Thus, even accepting as true Farrar's allegation of a conspiracy between her landlord and the building inspectors, no federal right is implicated. *See, e.g., Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996) ("[T]here is no constitutional violation in conspiring to cover up an action which does not itself violate the constitution.").

Farrar's claim under the Fair Housing Act similarly lacks merit. Even assuming that interference with an individual's enjoyment of a dwelling may support a claim under section 3617 of the Act, *see Halprin v. Single Family Homes of Dearborn Park Ass'n*, 388 F.3d 327, 330 (7th Cir. 2004) (citing 24 C.F.R. § 100.400(c)(2)), the interference must constitute more than a simple landlord-tenant dispute; it must constitute a "pattern of harassment, invidiously motivated." *Id.* Farrar's only allegation to support her claim is that she is African-American while the owner of her building is "non-Black" and the representative of her building's management company is white. The mere fact that Farrar has a dispute over rent or services with the "non-Black" owner and manager of her building does not establish a claim under the Fair Housing Act. *Id.*; *see also Maki v. Laakko*, 88 F.3d 361, 364-65 (6th Cir. 1996) (holding that increase in rent combined with friction between tenant and landlord does not establish claim under Fair Housing Act). As this appeal is frivolous, the decision of the district court is AFFIRMED.

Furthermore, a review of Farrar's litigation history reveals that this is not her first frivolous appeal. Farrar has filed at least eight other lawsuits in the Northern District of Illinois as well as three appeals and three petitions for writ of mandamus. *Farrar v. City of Chicago*, No. 82 C 6771 (N.D. Ill. Nov. 17, 1997); *Farrar v. Nat'l R.R. Passenger Corp.*, No. 96 C 8062 (N.D. Ill. Mar. 15, 1999); *Farrar v. Glantz*, No. 00 C 275 (N.D. Ill. May 16, 2000); *Farrar v. Nelson*, No. 00 C 1675 (N.D. Ill. June 18, 2000), *aff'd*, 61 Fed. Appx. 967 (7th Cir. 2003); *Farrar v. Davis*, No. 97 C 6433 (N.D. Ill. Aug. 3, 2000); *Farrar v. City of Chicago*, Nos. 02-1454 & 02-1484 (7th Cir. Mar. 11, 2002); *Farrar v. Castillo*, No. 03-1760 (7th Cir. Apr. 4, 2003); *Farrar v. City of Chicago*, No. 02 C 2914 (N.D. Ill. Apr. 14, 2003), *aff'd*, 83 Fed. Appx. 840 (7th Cir. 2003); *Farrar v. Bracamondes*, No. 03 C 5530 (N.D. Ill. Aug. 11, 2004); *Farrar v. Grochowiak*, No. 03 C 6193 (N.D. Ill. May 4, 2005). Most of these lawsuits have been filed against the City of Chicago, including the lawsuits that gave rise to Farrar's first two appeals to this court. In those actions, Farrar claimed that city officials conspired to retaliate for her previous lawsuits by using police and firefighters to spy on her constantly. Farrar alleged that the defendants used sirens and lights on city emergency vehicles to let her know she was being watched. Federal Rule of Appellate Procedure 38 authorizes sanctions against an appellant who files a frivolous appeal. Accordingly, Farrar is cautioned against filing future frivolous lawsuits or appeals, as they may result in an award of just damages, including a filing bar. *See Support Systems Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995) (per curiam).