UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 13, 2005[*]
Decided December 14, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2372

| | |
|---|---|
| NONA FARRAR,<br>　　　*Plaintiff-Appellant,*<br><br>　　　*v.*<br><br>MICHAEL GROCHOWIAK, et al.,<br>　　　*Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 03 C 6193<br><br>Rebecca R. Pallmeyer,<br>*Judge.* |

**O R D E R**

Nona Farrar wanted a license to run a business from her home, but the City of Chicago denied her application because the business she proposed would violate a zoning ordinance. Farrar doesn't believe the city's stated reason, though. Instead, she maintains that city employees Michael Grochowiak and Michael Hoskins denied

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

her application because she is African-American, because they wanted to retaliate for numerous suits she brought against the city, or because they just didn't like her. She also thinks that they were acting under an unconstitutional policy or practice of the city, for which Mayor Richard Daley was responsible. Therefore, she sued all three men and the city, invoking 42 U.S.C. §§ 1981, 1982, 1983, 1985, and the First and Fourteenth Amendments. Additionally, she attacked the constitutionality of the zoning ordinance (for reasons that make no sense) and asserted several state claims like intentional infliction of emotional distress.

After discovery Farrar adduced no evidence that the defendants denied her application for an impermissible reason. Therefore, the district court granted summary judgment on the constitutional claims and declined to exercise supplemental jurisdiction over the state claims. We affirm for substantially the same reasons given by the district court.

Farrar has a long history of frivolous litigation against the City of Chicago, and the last time she was before us we warned her that if she kept it up, we would likely impose sanctions under Federal Rule of Appellate Procedure 38. *Farrar v. Eldibany*, 137 Fed. Appx. 910, 912 (7th Cir. Jul. 8, 2005) (unpublished). She kept it up, so we order her to show cause within 15 days why she should not be required to pay a $500 sanction for pursuing this frivolous appeal. If she does not respond by the deadline or if she refuses to pay any sanction we might assess, we will bar her from filing papers in any court within this Circuit according to *Support Sys. Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995) (per curiam). Finally, we note that, in a separate order from which Farrar did not appeal, the district court awarded the defendants $3,783.35 in costs. We remind her that she must pay.

AFFIRMED.