In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1205

In re: Joseph H. Golant,

Debtor.


Joseph H. Golant,

Appellant,

v.

Abraham Levy,

Appellee.


Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 7452--James B. Moran, Judge.


Argued September 14, 2000--Decided February 12, 2001


Before Cudahy, Easterbrook and Ripple, Circuit Judges.

Cudahy, Circuit Judge. This case involves the latest wranglings in an ongoing dispute between Joseph Golant, a patent attorney, and Abraham Levy, an inventor and one of Golant's former clients. From 1984 to 1990, Golant provided Levy with legal services relating to a product known as the car shade, a folding device placed on the dashboard of a parked car to protect the car's interior from the sun. Levy ceased paying for Golant's services when Golant refused to provide him with more detailed billing records. As a result of Levy's refusal to pay, Golant filed a breach of contract claim against Levy in California state court in 1991. Levy cross-complained, alleging that Golant had overbilled him by $1.5 million.

On March 21, 1996, Golant filed for Chapter 7 bankruptcy protection, 11 U.S.C. sec.sec. 701-766, before the California trial reached judgment. Levy, apparently worried that his cross-claim against Golant might be discharged in bankruptcy, filed a two-count adversarial complaint in Golant's bankruptcy proceeding on October 28, 1996. Count one of the complaint

sought to deny Golant a general discharge of his debts under Section 727(a) of the Bankruptcy Code, 11 U.S.C. sec. 727(a). Count two sought to deny Golant a specific discharge of Levy's debt under Sections 523(a)(4) and (a)(6) of the Bankruptcy Code, 11 U.S.C. sec. 523(a)(4) & (6).

On Levy's motion, the bankruptcy court bifurcated the adversary proceedings and tried count one of Levy's complaint first. In December 1997, Golant appeared pursuant to a notice for deposition and document production that had been served on him by Levy. At that time, Golant refused to tender all of the requested documents. As a result, Levy filed a motion to compel production on March 17, 1998. Over Golant's objection, the bankruptcy court granted Levy's motion and, in an order dated April 23, 1998, required Golant to produce within seven days: (1) documents relating to his credit and debit cards, including evidence of payment of card balances, and (2) documents relating to Golant's prepetition legal services from January 1995 to December 1996, including time records, billing statements, account ledgers and client names and addresses.

While Golant did produce a number of his records, he did not fully comply with the April 23 order. For example, Golant failed to produce his bank statements; bank books and check registers; names and addresses of all of his clients; and documents showing the case numbers, captions and courts in which he represented clients. In addition, Golant tendered a list of 32 clients, but produced billing records for only 19 of them.

In response to Golant's failure to comply with the April 23 order, Levy filed his first motion for entry of judgment as a discovery sanction. The bankruptcy court denied this motion, but, in an order dated May 8, 1998, required Golant to comply with the April 23 order by May 22. The court also warned Golant that it might deny him a discharge of his debts as a discovery sanction if he continued to fail to comply with the April 23 order. Levy filed a second motion for entry of judgment on May 18, 1998, but the court continued this motion to May 27, apparently because Levy had filed it before Golant's time to comply with the April 23 order had expired. Ultimately, Golant did not comply with the discovery orders, and the court set an evidentiary hearing for May 29 to determine the extent of Golant's failure to comply.

At the evidentiary hearing, Golant admitted to creating or receiving time records; billing statements; monthly bank statements for the

account used in his practice; deposit slips from deposits of funds into his law account; a ledger for recording fees received; check stubs showing deposits of fees received; and documents with case numbers, captions and courts in which Golant represented clients. However, Golant produced none of these documents, maintaining that they had, for the most part, already been produced. Golant, however, did admit to not producing billing statements for some clients from whom he received money shortly before bankruptcy, even though he was required to produce these statements. Golant also admitted not producing documents evidencing payment of his credit card debts.

On September 8, 1998, the bankruptcy court entered a default judgment in favor of Levy on his adversary complaint as a discovery sanction under Federal Rule of Civil Procedure 37 (made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7037). The court discussed Golant's failure to comply with its discovery orders and noted that Golant's "persistent refusal to abide [by] the provisions of the Bankruptcy Code and Rules is frustrating to the court, to say the least." Levy v. Golant (In re Golant), No. 96 B 007376, slip op. at 6 n.5 (Bankr. N.D. Ill. Sept. 8, 1998). The court further noted that "[t]here was no way that this Court could have tried this case . . . and no way that the court can try it now due to [Golant's] own actions and failures to act." Id. at 7. As a result of the sanction, Golant was denied a general discharge in bankruptcy. Golant appealed to the district court, which affirmed.

I

Before we address the merits of Golant's argument, we must determine whether we may properly exercise jurisdiction over this appeal. "[A] court of appeals has jurisdiction over a bankruptcy appeal only if the bankruptcy court's original order and the district court's order reviewing the bankruptcy court's original order are both final." In re Rimsat, Ltd., 212 F.3d 1039, 1044 (7th Cir. 2000) (and authority cited therein); see also 28 U.S.C. sec. 158(d).

We first consider the finality of the bankruptcy court's original sanction order. In the context of a bankruptcy proceeding, "[w]here an order terminates a discrete dispute that, but for the bankruptcy, would be a stand-alone suit by or against the trustee, the order will be considered final and appealable." Rimsat, 212 F.3d at 1044. Ordinarily, "a request for a declaration of nondischargeability is conceived as kicking off a separate, adversary proceeding

within the framework of the overall bankruptcy proceeding, Bankruptcy Rule 7001(6), so that an order declaring the debt either dischargeable or not is a final, appealable order." In the Matter of Marchiando, 13 F.3d 1111, 1113-14 (7th Cir. 1994) (citing In re Riggsby, 745 F.2d 1153, 1154 (7th Cir. 1984)). Thus, had the bankruptcy court decided Levy's complaint on the merits, the court's order would easily qualify as the kind of final, appealable order over which we routinely exercise jurisdiction. However, the bankruptcy court did not decide Levy's complaint on the merits, and we must decide whether this wrinkle alters our jurisdiction.

In the bankruptcy context, most forms of discovery sanction had been considered final and appealable until Rimsat noted, without deciding, that this view may no longer be tenable in light of Cunningham v. Hamilton County, Ohio, 527 U.S. 198 (1999). See Rimsat, 212 F.3d at 1044 (discussing In re Wade, 991 F.2d 402, 406 (7th Cir. 1993)). In Cunningham, the Supreme Court ruled that an order imposing monetary sanctions upon an attorney in a civil case was not an immediately appealable final decision. 527 U.S. at 209-10. Thus, as noted by Rimsat, Cunningham might certainly be read to preclude the interlocutory review of monetary sanctions in bankruptcy cases as well.

However, Cunningham cannot be understood to preclude the immediate review of the entry of default judgment, at least in the bankruptcy context. The entry of default judgment is simply much more "final"--effectively terminating a party's litigation in court--than the imposition of monetary sanctions, which merely alter the litigation's course. Indeed, we were unable to uncover any cases discussing how Cunningham might alter the long-held view that sanctions which completely eliminate the possibility of a decision on the merits--such as a default judgment or dismissal--are "final" for the purpose of appeal. See, e.g., Ordower v. Feldman, 826 F.2d 1569, 1573 (7th Cir. 1987) (order in civil case dismissing complaint for untimely service is "final"); Aurora Bancshares Corp. v. Weston, 777 F.2d 385, 386 (7th Cir. 1985) (order in civil case dismissing suit as a sanction for discovery abuse is "final"). Consequently, regardless of how Cunningham might apply to the review of monetary sanctions in a bankruptcy proceeding, Cunningham does not preclude the review of a sanction imposing a default judgment. Therefore, the bankruptcy court's order here is a final, appealable order.

As noted, however, it is not enough for the bankruptcy court's order to be final; the

district court's decision on appeal must be final as well. "[A]n order is considered 'final' for purposes of 28 U.S.C. sec. 158(d) when it 'finally determines' one creditor's position . . . ." In the Matter of Gould, 977 F.2d 1038, 1041 (7th Cir. 1986). A creditor's position has been finally determined when there is no need to remand a case to the bankruptcy court for further significant proceedings with regard to that creditor. See In the Matter of Lopez, 116 F.3d 1191, 1192 (7th Cir. 1997); In the Matter of Riggsby, 745 F.2d 1153, 1155 (7th Cir. 1984). Thus, "in cases like ours where the bankruptcy court is affirmed, 'the affirmance [is] a final decision appealable to us.'" In the Matter of Weber, 892 F.2d 534, 538 (7th Cir. 1989) (quoting In re Fox, 762 F.2d 54, 55 (7th Cir. 1985)). Here, then, it is only important that there be no more significant proceedings in prospect between Levy and Golant. Because the district court affirmed the bankruptcy court, no such proceedings appear to remain. The district court decision in this case, therefore, is final.

Lastly, we note that there is good reason, beyond the technical application of precedent, for entertaining this appeal. Were we to postpone this appeal until all issues in bankruptcy have been decided, there would be considerable doubt about those matters presumably involved in such proceedings as may remain in bankruptcy because the valuation of creditors' claims against Golant and the valuation of Golant's estate both depend upon which, if any, of Golant's debts may be discharged. As we stated in Reichman v. United States Fire Ins. Co.:

We tolerate [bankruptcy] appeals in part because of the need to tie up the many subsidiary matters that litter the road to the distribution of assets in bankruptcy. A court cannot wait until the end of the case to allow the appeal, because final disposition in bankruptcy (the plan, distribution, and discharge) depends on prior, authoritative disposition of subsidiary disputes. The separable disputes that can be handled as individual cases may be dealt with as they arise, the better to advance the end of the whole bankruptcy case.

811 F.2d 1112, 1116 (7th Cir. 1987); see also Gould, 977 F.2d at 1041. Accordingly, for these reasons, we properly have jurisdiction over this appeal and may review the bankruptcy court's imposition of sanctions on Golant.

II

Golant disputes (1) the factual findings underlying the bankruptcy court's decision to

sanction him; (2) the choice of sanction; and (3) several miscellaneous matters. We address, and reject, Golant's arguments in turn.

We first address Golant's disagreement with the bankruptcy court's conclusion that he violated the court's discovery orders. When a court enters default judgment as a discovery sanction--a severe penalty that effectively terminates a party's ability to prevail on the merits--the court must find that the party against whom sanctions are imposed displayed willfulness, bad faith or fault./1 See Ladien v. Astrachan, 128 F.3d 1051, 1056 n.5 (7th Cir. 1997); Langley v. Union Elec. Co., 107 F.3d 510, 514 (7th Cir. 1997); cf. Fox v. Commissioner, 718 F.2d 251, 255 (7th Cir. 1983) (sanction of dismissal appropriate only when total failure to respond to discovery requests). While we strongly encourage courts to make this finding explicitly, we may infer it, if necessary, from the sanction order itself. See Rimsat, 212 F.3d at 1047. The court's finding, whether implicit or explicit, is reviewed for clear error. Melendez v. Ill. Bell Tel. Co., 79 F.3d 661, 670-71 (7th Cir. 1996).

Here, the bankruptcy court did not explicitly state that Golant evidenced willfulness, bad faith or fault. However, even a cursory reading of the court's sanction order shows that the court found, at least implicitly, that Golant's conduct met this standard. The court noted that it had repeatedly ordered Golant to comply with Levy's discovery request, and that Golant had not done so. For example, Golant produced only 19 billing records when his own list of clients indicated that he had at least 32 clients. Golant even admitted to failing to produce numerous documents. This, and other similar violations of the court's discovery orders, compelled the bankruptcy court to remind Golant that he was "not only a 'debtor' under the Bankruptcy Code, but also a lawyer who has the ethical obligations of the legal profession." Levy v. Golant (In re Golant), No. 96 B 007376, slip op. at 6 n.5 (Bankr. N.D. Ill. Sept. 8, 1998). Further, the court concluded that, from its review of the record, Golant's "failure to comply stems from the fact that if he were to comply he would, in effect, sink himself." Id. at 8. It is clear, then, that the bankruptcy court adequately found that Golant acted willfully and in bad faith in failing to comply with the court's discovery orders.

Golant offers nothing to rebut the above conclusions. Golant argues, as he did in both lower courts, that he in fact complied with the court's production order--an odd claim to make since he admitted at his evidentiary hearing that

he had failed to comply fully./2 It is true that Golant did produce a fair number of documents in response to Levy's request, and this appears to be essentially his defense. As noted, however, Golant also failed to produce many important documents. For example, Golant acknowledged representing approximately 32 clients, yet billing records from only 19 clients were produced in response to the bankruptcy court's order. When queried at oral argument about the 13 missing billing records, Golant could only reply that "it is unknown where the rest of them are, but, again, the record is unclear as to what happened to the rest." Golant needs to do more than merely assert that the location of the relevant records is unknown if he wishes to persuade us that he did indeed comply with the bankruptcy court's production orders.

Golant also takes issue with the bankruptcy court's choice of sanction. The entry of sanctions under Rule 37 is reviewed for an abuse of discretion. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976); Salgado v. General Motors Corp., 150 F.3d 735, 739 n.5 (7th Cir. 1998). Under this standard of review, "an appellant faces an uphill battle in seeking to reverse an award of sanctions by the district court." Langley v. Union Elec. Co., 107 F.3d 510, 513 (7th Cir. 1997). Appellants find the task of securing reversal of sanction awards so difficult at least in part because we do not require the lower court to select the least severe sanction. See Melendez v. Ill. Bell Tel. Co., 79 F.3d 661, 672 (7th Cir. 1996). This does not mean, however, that a court possesses unfettered discretion to impose sanctions upon a recalcitrant party. Instead, "the sanction selected must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." Salgado, 150 F.3d at 740; see also Sherrod v. Lingle, 223 F.3d 605, 612 (7th Cir. 2000). Particular attention must be paid to this limitation on a court's discretion when a court dismisses a cause outright (or, as here, enters default judgment)--a sanction to be used "only in extreme situations." Webber v. Eye Corp., 721 F.2d 1067, 1069 (7th Cir. 1983).

Here, a default judgment against Golant is the only adequate sanction. On April 23, the bankruptcy court ordered Golant to comply with Levy's discovery requests. On May 8, Golant was still withholding the requested documents, and the court once again ordered Golant to produce these documents. This time, the court also provided Golant with notice that it would consider imposing sanctions against him-- including entering judgment denying him discharge--if he persisted in neglecting to

comply with the orders./3 In spite of this notice, Golant continued to defy the orders, failing to turn over many of the required documents. As a result of Golant's actions, the bankruptcy court found that "[t]here was no way that this Court could have tried this case . . . and no way that the court can try it now due to [Golant's] own actions and failures to act." Levy v. Golant (In re Golant), No. 96 B 007376, slip op. at 7 (Bankr. N.D. Ill. Sept. 8, 1998).

In spite of Golant's protestations, we fail to see how the bankruptcy court could have come to any other conclusion. Golant was ordered twice to comply with the bankruptcy court's production order. In spite of a warning regarding the severity of possible sanctions, Golant continued to ignore the bankruptcy court's order. Where a debtor in bankruptcy refuses to be completely forthright with information regarding his financial dealings and resources--information that is of paramount importance to an efficient and fair bankruptcy proceeding--the bankruptcy court is left with little recourse but to enter default judgment against the debtor. Accordingly, the sanction imposed on Golant, although severe, was appropriate.

Golant also argues that the sanctions violate his due process rights. In order to satisfy due process, Rule 37 sanctions must be just and relate to the claim at issue. See Insurance Corp. of Ir., Ltd. v. Compagnie des Bauxities of Gunee, 456 U.S. 694, 707 (1982). Golant does not contest the fact that his sanction related to the claim at issue. However, he argues that his sanction was unjust because the bankruptcy court failed to adequately investigate Levy's assertion that Golant had not complied with the bankruptcy court discovery orders. Golant's argument is unconvincing. As noted, Golant was provided with several opportunities to comply with Levy's discovery requests, and the bankruptcy court was not clearly erroneous in concluding that he failed to do so. In addition, Golant was allowed to testify at the evidentiary hearings preceding his Rule 37 sanction. As a result, he was afforded ample opportunity to present his side of the story to the bankruptcy court. Thus, Golant's due process rights were not violated.

Golant lastly makes two miscellaneous arguments. First, Golant appears to argue that the bankruptcy court showed "undue bias" towards him. The greater part of Golant's "undue bias" argument is merely a complaint that the bankruptcy court ruled against him on several matters. Without other evidence, we will not find bias merely because a party loses on the merits. See In the Matter of Huntington Commons Assocs.,

21 F.3d 157, 158 (7th Cir. 1994) (challenged actions of bankruptcy judge that consisted of judicial rulings and ordinary admonishments were not sufficient to show deep-seated and unequivocal antagonism that would render fair judgment impossible). However, Golant also premises his "undue bias" argument upon his belief that the bankruptcy court allowed "unsupported statements from Levy's counsel"-- apparently, counsel's argument that Golant did not fully produce the ordered documents--to become evidence. Golant cites a string of inapposite cases in support of his argument, of which Chicago Ridge Theatre Ltd. v. M&R Amusement, 855 F.2d 465 (7th Cir. 1988), is illustrative. In Chicago Ridge Theatre, we reversed the district court's grant of judgment in favor of the defendants because the grant was based upon expert testimony that had not been introduced into evidence. In that case, we found that the unintroduced testimony of the defendants' expert witnesses violated the plaintiff's due process rights. Id. at 469. From our holding in Chicago Ridge Theatre, Golant appears to reason that the allegations of Levy's counsel should have been introduced into evidence and subjected to cross-examination. However, Golant's argument goes too far. Here, Levy's counsel were merely advocating their client's position--not providing a form of expert testimony--and the trial court was not required to place counsel's statements into evidence. The district court was required only to look at the documents produced by Golant to ascertain whether he had complied with the court's production orders. The district court did so and, as already noted, committed no error in determining that Golant failed to comply with its orders.

Golant lastly disputes the bankruptcy court's order against him for costs. That issue is not properly before this court. The bankruptcy order from which Golant appeals makes no mention of costs and, in fact, states that "[t]he only order that will be entered will be striking [Golant's] pleadings, specifically his amended answer to the amended complaint, and denying the Debtor's discharge." Levy v. Golant (In re Golant), No. 96 B 007376, slip op. at 9 (Bankr. N.D. Ill. Sept. 8, 1998). The district court memorandum and order in this case notes that Golant's cost objections are "the subject of a different appeal." Levy v. Golant, No. 98 C 7452, slip op. at 1 (N.D. Ill. Dec. 9, 1999) Consequently, we express no opinion with regard to Golant's objection to the costs imposed upon him.

IV

For the foregoing reasons, the decision of the

district court is

Affirmed.

/1 We are aware that it is not always clear how far a court's discretion extends when imposing a sanction of dismissal or default judgment under Rule 37. See Crown Life Ins. Co. v. Craig, 995 F.2d 1376, 1381 (7th Cir. 1993). Many of our decisions, at least implicitly, require a finding of willfulness, bad faith or fault to support a dismissal order. See, e.g., Rimsat, 212 F.3d at 1046-47; Ladien v. Astrachan, 128 F.3d 1051, 1056 n.5 (7th Cir. 1997); Langley v. Union Elec. Co., 107 F.3d 510, 514 (7th Cir. 1997). However, other decisions do not. See, e.g., Williams v. Chicago Bd. of Educ., 155 F.3d 853, 857 (7th Cir. 1998) (requiring that dismissal be supported only by "clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing.") (citation omitted). Regardless of the proper standard, we find that Golant's conduct satisfies even the toughest standard--the finding of willfulness, bad faith or fault--and thus find that the bankruptcy court did not abuse its discretion in this respect.

/2 However, it is worth noting that Golant's defense is not as meritless as Levy's counsel would have us believe. For example, Levy's counsel allege that Golant "admitted that as a part of his law practice, he created, maintained, and/or received the following documents, all of which were ordered produced in the April 23rd and May 8th orders: (i) time records . . . ." Appellee's Br. at 8. However, a close look at the May 29, 1998 transcript of proceedings shows that while Golant admitted to creating time records, he also stated that he did not keep his time records beyond the time necessary to create his bills for the time recorded in those records. May 29, 1998 Tr. at 18. It is thus misleading, and not helpful to this court, to insinuate that Golant should somehow have turned over his time records even though he did not, as part of his usual business practice, retain them.

/3 The bankruptcy court thus provided Golant with the due warning necessary under Ball v. City of Chicago, 2 F.3d 752, 755 (7th Cir. 1993) (requiring court to provide plaintiff's counsel with due warning prior to dismissing case as a sanction for failure to prosecute); see also Spain v. Bd. of Educ., 214 F.3d 925, 929-30 (7th Cir. 2000) (applying Ball to Rule 37 sanctions).