**Michael MOORE, Plaintiff–Appellant,**

v.

**Alyun TAYLOR, et al., Defendants–Appellees.**

**No. 01–3034.**

United States Court of Appeals, Seventh Circuit.

Submitted March 7, 2002.*

Decided March 7, 2002.

submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, MANION,
WILLIAMS, Circuit Judges.

## ORDER

Michael Moore, proceeding pro se, sued the City of East Chicago, Indiana and two of its police officers under 42 U.S.C. § 1983, alleging that the officers violated his constitutional rights when they briefly detained him while investigating an alarm in the industrial building where he lived. The officers asserted the affirmative defense of qualified immunity and attempted to depose Moore on six occasions. On the first four attempts, Moore failed to appear. Before the fifth attempt, the district court ordered Moore to submit to his deposition and warned that failure to appear "shall be punishable as a contempt of this Court and may constitute grounds for the imposition

of other sanctions." Before the final attempted deposition, the district court warned that failure to appear "will result in immediate dismissal pursuant to Federal Rule of Civil Procedure 37."

Although Moore appeared for the two court-ordered depositions, he refused to answer any questions regarding the underlying facts of the lawsuit. Moore still refused even when the presiding magistrate twice warned him of the consequences of refusing to comply with the court's order, including "very serious legal repercussions ... [t]he most extreme of which is dismissal of your lawsuit." After Moore's continued disobedience, the district court dismissed the case under Federal Rule of Civil Procedure 37(b)(2)(C), concluding that, although the sanction of dismissal should be used sparingly, dismissal was appropriate because Moore "has been given an abundant opportunity to submit to a deposition in this Court to which the defendants are clearly entitled."

On appeal Moore argues that the district court erroneously dismissed his lawsuit without first finding that he acted in bad faith. Sanctions under Rule 37(b)(2) are appropriate when a district court finds that a party failed to comply with a discovery order because of willfulness, bad faith, or fault. *Ladien v. Astrachan,* 128 F.3d 1051, 1056 n. 5 (7th Cir. 1997). Although we prefer such a finding to be explicit, we may infer it from the district court order. *Golant v. Levy,* 239 F.3d 931, 936 (7th Cir.2001). In either case we review the entry of sanctions under Rule 37 for an abuse of discretion, while we review the district court's finding of bad faith for clear error. *Id.* at 936–37. Although the district court did not make an explicit finding of bad faith, the court described Moore's efforts to "thwart[ ] the discovery process" and concluded that "Moore's actions were at least uncoopera-

tive, if not defiant." Thus, the district court adequately found that Moore acted willfully and in bad faith by refusing to comply with the court's discovery orders. *See id.* at 936.

Next, Moore argues that he disobeyed the district court's orders because the court improperly allowed discovery to proceed without first ruling on the defendants' qualified immunity defense. In support of this argument Moore relies on the conclusion in *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), that "[u]ntil th[e] threshold immunity question is resolved, discovery should not be allowed." But such a delay in discovery was meant to protect *government officials* from the burdens of discovery, *Harlow*, 457 U.S. at 817–18, not to allow plaintiffs to prevent those officials from establishing the facts necessary to assert their qualified immunity defense. Discovery is appropriate for the limited purpose of addressing the issue of qualified immunity. *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Landstrom v. Ill. Dep't of Children and Family Servs.*, 892 F.2d 670, 674 (7th Cir.1990). Therefore, the timing of the deposition did not justify Moore's disobedience.

Finally, Moore argues that his disobedience was justified because the defendants violated the Federal Rules of Civil Procedure and the Supremacy Clause of the United States Constitution by causing an off-duty police officer to serve him notice of his deposition without leave of court. But "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age." Fed.R.Civ.P. 4(c). Moreover, it is irrelevant whether Moore was improperly served *prior* to the district court's orders compelling him to appear for his deposition. All that is nec-essary to support the sanction of dismissal is that Moore willfully, in bad faith, or with fault disobeyed the district court's orders. *Ladien*, 128 F.3d at 1056 n. 5. Because the record reflects that Moore intentionally disobeyed the orders simply because he disagreed with them, the district court's dismissal is AFFIRMED.