**Dr. James G. O'DONNELL,**
**Plaintiff–Appellant,**

v.

**THE UNIVERSITY OF CHICAGO,**
**Defendant–Appellee.**

No. 02–1038.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 20, 2002.*

Decided Aug. 20, 2002.

Rehearing Denied Sept. 13, 2002.

Before BAUER, KANNE, EVANS, Circuit Judges.

**ORDER**

Dr. James G. O'Donnell believes the University of Chicago refused to admit him as a student and evicted him from his apartment due to his age and because he is white, Irish, Catholic, and male. He sued the University alleging it discriminated against him, citing a litany of civil rights

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

statutes. The district court granted the University's motion to dismiss for failure to state a claim. O'Donnell filed a timely appeal, and we affirm for the reasons stated below.

In July 2000 O'Donnell, then 54, received a letter from his building manager advising that his apartment lease would not be renewed because the University had purchased the building for use as student housing. O'Donnell reasoned that he could keep the apartment if he enrolled as a student, and so he wrote to individual faculty members addressing each as "Dear Teacher" and requested "any and all but not limited to everything I would need to gain entry to study personally under you."

After waiting a few days without a response to his letters, O'Donnell wrote to university administrators complaining that he had "repeatedly been denied access to your education program" and requesting under the Freedom of Information Act all University documents pertaining to him. After he received no response to these letters and eventually had to vacate his apartment, he filed a charge with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission alleging employment discrimination. His charge did not allege, however, that he had ever worked for or sought employment with the University, and the EEOC dismissed his charge. O'Donnell then filed this suit, repeating his claims of employment discrimination and adding allegations of discrimination in violation of a number of civil rights statutes including 42 U.S.C. § 1981, which prohibits racial discrimination in the making and enforcing of contracts. The complaint sought $100 million in punitive damages (it did not seek actual damages). The University moved to dismiss for failure to state a claim, and O'Donnell responded with an amended complaint multiplying his claims and theo-

ries. The district court granted the University's motion and dismissed O'Donnell's amended complaint with prejudice.

We limit our review to O'Donnell's argument that the district court erroneously dismissed his § 1981 claim because he waited until he filed his reply brief to address the dismissal of his other claims. *Help at Home, Inc. v. Med. Capital, L.L.C.* 260 F.3d 748, 753 n. 2 (7th Cir.2001). O'Donnell argues that the district court dismissed his § 1981 claim solely because he is white, and indeed the court stated that "[a]s Dr. O'Donnell is white, he has no claim under § 1981." *O'Donnell v. Univ. of Chicago*, No. 00 C 5809, 2001 WL 1593141, at *3 (N.D.Ill. Dec. 13, 2001). The district court's statement conflicts with the Supreme Court's holding in *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 286–87, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976), that white persons can bring claims under § 1981. But O'Donnell's § 1981 claim fails for a different reason. After reviewing O'Donnell's complaint and numerous attachments and accepting them as true, it is clear that the University did not refuse to contract with O'Donnell. He never formally applied for admission or even requested an application; instead, he merely wrote to individual faculty members asking how he could study under them. Therefore, we affirm the dismissal, although on a basis different than the one relied upon by the district court. *See Edwards v. Ill. Bd. of Admissions to the Bar*, 261 F.3d 723, 728 (7th Cir.2001) (dismissal can be affirmed on any basis supported by the record).

In his brief, O'Donnell also accuses the district court of bias because he is white, Irish, and to add to the litany, a Vietnam veteran. His evidence is the dismissal of his case, but adverse rulings do not by

themselves establish bias. *Golant v. Levy,* 239 F.3d 931, 938 (7th Cir.2001).

AFFIRMED.