UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 18, 2006
Decided April 20, 2006

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2980

| | |
|---|---|
| DENISE R. SHARPE,<br>        *Plaintiff-Appellant*, | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division. |
| *v.* | No. 03 C 6817 |
| VILLAGE OF FOX LAKE, Police<br>Department,<br>        *Defendant-Appellee*. | Rebecca R. Pallmeyer,<br>*Judge*. |

## O R D E R

Denise Sharpe sued her former employer, the Village of Fox Lake Police Department ("Fox Lake"), alleging sexual harassment, sex discrimination, and retaliation in violation of Title VII, 42 U.S.C. § 2000e, *et seq*. The district court dismissed Sharpe's complaint with prejudice under Federal Rule of Civil Procedure 37(b)(2)(C) because she failed to comply with discovery orders. The court also denied her postjudgment motion to vacate the dismissal. We affirm.

Sharpe, through her retained attorney Mary McDonagh, filed a complaint in September 2003 alleging sexual harassment, sexual discrimination, and retaliation in violation of 43 U.S.C. § 1983. Judge Pallmeyer held an initial status hearing on

November 26; Judge Pallmeyer granted Sharpe leave to amend her complaint by January 23, 2004, and scheduled a Rule 16 conference for February 20. When McDonagh failed to appear at the Rule 16 conference, Judge Pallmeyer rescheduled another conference and warned that the "[f]ailure of Plaintiff's counsel to appear at that time may result in dismissal without prejudice." Between March and June 2004, Judge Pallmeyer granted Sharpe leave to amend her complaint four more times. Sharpe eventually recast all her claims under Title VII. In August Judge Pallmeyer ordered that written discovery be completed by October 2004, depositions completed by December 2004, and discovery closed by the end of January 2005.

Sharpe's (and her attorney's) pattern of missed discovery deadlines and appearances continued. On November 9, 2004, McDonagh failed to appear for a status hearing; Judge Pallmeyer continued the hearing to November 17 and warned that counsel "is expected to appear at the next status hearing, and to have complied with outstanding discovery." On November 17 McDonagh failed yet again to appear and this time Judge Pallmeyer dismissed the case without prejudice, allowing Sharpe twenty-one days to move to reinstate the case, but noting that any such motion must be accompanied by full compliance with all outstanding discovery requests.

On November 29 Sharpe apparently decided to take matters into her own hands and filed a *pro se* motion to reinstate the case, asking the court to "dismiss/fire" her attorney "for having failed to do her job" and to give her time to retain alternative counsel or to appoint counsel for her. In a minute order of December 1, Judge Pallmeyer denied Sharpe's motion for appointment of counsel without prejudice. Sharpe subsequently informed Judge Pallmeyer that she had contacted twenty lawyers about taking her case but had no success. Her efforts seemed to satisfy Judge Pallmeyer, who reinstated Sharpe's case on January 14, 2005, and directed Sharpe to promptly comply with outstanding discovery. The judge also set a status conference for January 28 at which time Sharpe could "report on her determination with respect to representation by Attorney McDonagh." On that day, a status hearing was held at which Judge Pallmeyer dismissed the case without prejudice; according to the docket entry, any subsequent motion for reinstatement would have to be accompanied by an agreement to pay fees for the appearance of Fox Lake's lawyer.

About three months later Sharpe—once again through McDonagh—moved to reinstate the case, assuring the court that "[d]iscovery is complete and ready to be delivered to Defendants." On May 5 Judge Pallmeyer granted the motion to reinstate; the judge also told Sharpe to serve discovery responses and requests on Fox Lake by the next day and set a status hearing for June 9. Sharpe took no

further action, however, and at the June 9 status hearing, Judge Pallmeyer dismissed Sharpe's case with prejudice:

> Plaintiff and her attorney have twice prevailed upon the court to reinstate this case, each time promising prompt compliance with outstanding discovery requests. More recently, on May 5, 2005, Plaintiff's counsel assured the court that the discovery responses had been prepared and would be furnished that very day. To date, Defendant reports Plaintiff has not furnished discovery responses, has not served requests of her own, and has not responded to his telephone call. This case [sic] is puzzled by Plaintiff's conduct but concludes that dismissal with prejudice is the just result. This case is dismissed with prejudice pursuant to Rule 37(b)(2)(C).

On June 27 Sharpe moved *pro se* to vacate the dismissal, to appoint counsel, and to proceed in forma pauperis. In a minute order dated July 7, Judge Pallmeyer summarily denied all three motions.

Sharpe, through newly retained counsel, appeals the district court's dismissal of her case under Rule 37(b)(2)(C) and the denial of her postjudgment motion, which we construe under Federal Rule of Civil Procedure 59(e) because it was filed within ten days of the final judgment. Her brief is rather vague and does not specifically take aim at the basis of the Rule 37(b)(2)(C) dismissal but seems to argue—with minimal elaboration or citation to legal authority—that the district court abused its discretion by dismissing her case "without allowing her time to get a new attorney or appointing an attorney for her," and by blaming her for the "gross negligence of her attorney."

Rule 37 allows for dismissal of a case when a party commits discovery violations such as failing to make mandatory disclosures. *See* FED. R. CIV. P. 37(b)(2)(C)*; Greviskes v. Univs. Research Ass'n, Inc.,* 417 F.3d 752, 758-59 (7th Cir. 2005). While the district court need not identify a pattern of discovery abuses, the court must at least make a finding of "willfulness, bad faith or fault" to justify a Rule 37 dismissal. *Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003); *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 909 (7th Cir. 2003). A district court need not make an explicit finding of willfulness; rather, such a finding may be inferred from the sanction order itself. *See Aura Lamp*, 325 F.3d at 909; *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001). We review dismissals under Rule 37 for abuse of discretion. *See Aura Lamp,* 325 F.3d at 907.

Sharpe has not shown that Judge Pallmeyer abused her discretion by dismissing her case under Rule 37. Judge Pallmeyer's explanation for the dismissal suggests an implicit finding that Sharpe's conduct was willful—the judge stated

that Sharpe twice asked to reinstate the case while "each time promising prompt compliance with outstanding discovery requests," that Sharpe failed to comply with discovery even though she assured the court that "discovery responses had been prepared," and that Sharpe even failed to return defendant's counsel's telephone call.

Nor has Sharpe shown that Judge Pallmeyer erred by failing to appoint counsel. Civil litigants have no constitutional or statutory right to counsel; whether a civil litigant may have counsel appointed is a matter left solely to the district court's discretion. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). And a district court judge does not abuse her discretion in denying appointment of counsel unless a civil litigant's case is so complex that it would be "*impossible* for [the plaintiff] to obtain *any sort of justice*" without a lawyer. *Johnson*, 433 F.3d at 1007 (emphasis in original) (internal quotation omitted); *see Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). At no point in these proceedings has Sharpe explained why her case was so complex that it required appointment of counsel.

Nor can Sharpe seriously argue that Judge Pallmeyer abused her discretion by not giving her more time to secure alternative counsel. Sharpe first informed the court that she was dissatisfied with McDonagh in November 2004 when she moved for appointment of counsel. But Judge Pallmeyer did not dismiss the case until June 2005; this gave Sharpe seven months within which to try to retain another lawyer. In any event, Sharpe was represented by Attorney McDonagh throughout the duration of the proceedings, and there is no right to effective assistance of counsel in a civil case. *See Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001). To the extent Sharpe argues that she should not be accountable for the discovery violations attributable to her counsel, this argument also fails because Sharpe, like any civil litigant, is accountable for the actions (or inactions) of her attorney. *See Magala v. Gonzales*, 434 F.3d 523, 525-26 (7th Cir. 2005); *United States v. 7108 W. Grand Ave., Chi.*, 15 F.3d 632, 634-35 (7th Cir. 1994).

Finally, the district court did not abuse its discretion when it denied Sharpe's postjudgment motion because Sharpe did not "bring the court's attention to newly discovered evidence or to a manifest error of law or fact." *See Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003).

For the foregoing reasons, we AFFIRM the decision of the district court.