UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted October 26, 2006[*]
Decided October 27, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-2494

| | |
|---|---|
| SANDRA LINDSEY, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 04 C 87 |
| ST. PAUL FIRE AND HOME INS. CO., *et al.*, *Defendants-Appellee*s. | Charles N. Clevert, Jr., *Judge.* |

**O R D ER**

Sandra Lindsey appeals the dismissal of her civil rights complaint for failure to comply with the district court's discovery orders.  We affirm.

In her complaint, Lindsey alleged that a storm damaged her home in 2001, and defendants, including service providers, insurance companies and the City of Racine, conspired to prevent her from repairing her home.  Discovery ensued, and defendants' attempts to depose Lindsey were unsuccessful because she claimed

---

[*]    After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  Fed. R. App. P. 34(a)(2).

illness.  Over the next several months, she cancelled one deposition within a week of its scheduled date, and appeared for another but refused to proceed because her blood pressure was elevated.  She then moved for an order to prevent the defendants from deposing her, and she submitted a note from her doctor stating only that she was being treated for "chronic medical conditions" and could not attend court meetings "[d]ue to her aggravated psychiatric and physical state."

In response to Lindsey's motion and apparent refusal to be deposed, the defendants moved to dismiss the case for want of prosecution, or in the alternative, to compel her deposition or stay all discovery until she was fit to be deposed.  The court denied as premature the defendants' motion to dismiss, and in the same order denied Lindsey's motion to limit discovery, since her testimony was crucial to her case, and her filings showed her intent—and presumably her fitness—to testify at trial.  Further, the court found the doctor's note insufficient to show that Lindsey was unfit to be deposed, since the note did not identify the type of "court meetings" Lindsey was to avoid or demonstrate any awareness of the requirements of a deposition.  The court also stated that Lindsey's otherwise active involvement in the litigation suggested her "condition is such that she can participate in this case."  Therefore, the court granted the defendants' motion to compel and warned Lindsey that a failure to submit to a deposition within 21 days could lead to dismissal.

Lindsey appeared for the scheduled deposition but requested frequent breaks and expressed a desire to leave and finish another day, because she had to "take care of something," and had "other pressing things" and "health things" to do.  After about two hours of testimony, Lindsey asked for a three-hour lunch break.  Defense counsel objected to the length.  Lindsey then left without giving defendants' counsel a chance to question her; she also took her exhibits without permitting defendants to copy them.  She did not return, and that afternoon she filed a "Notice Request to Move Deposition Date."

The court granted the defendants' joint motion to dismiss under Fed. R. Civ. P. 37(b) and 41(b), finding that Lindsey had "thwarted the defendants' attempt to depose her" and thereby "thumbed her nose at the order of this court."

Lindsey's brief on appeal is difficult to parse, but she seems to argue, first, that the district court should not have dismissed her complaint because the defendants engaged in conduct as egregious as her own by failing to produce documents responsive to her discovery requests.  Here, however, the record does not reflect any abuse of the discovery process on the part of the defendants.  *Cf. Rice v. City of Chicago*, 333 F.3d 780, 783, 785-86 (7th Cir. 2003) (concluding that district court abused its discretion in dismissing plaintiff's claims where defendants "stonewalled" plaintiff's discovery requests and were equally disrespectful of court

orders). Further, we note that Lindsey never moved to compel production of any specific documents.

Lindsey also generally asserts that the court, in ordering her to be deposed, improperly discounted her doctor's note stating that her medical condition excused her from attending court meetings. The court, however, gave appropriate reasons for discounting the note: it was inconsistent with Lindsey's otherwise substantial participation in preparing her case, and the doctor did not show sufficient familiarity with "the factual requirements of a deposition" to assess Lindsey's fitness to be deposed.

Lindsey finally asserts without elaboration that the court abused its discretion when it found that her early departure from her deposition was "a failure to appear . . . altogether." The court, however, was within its discretion to regard Lindsey's action as noncompliance with its order. *See In re Golant*, 239 F.3d 931, 936-38 (7th Cir. 2001) (affirming bankruptcy court's entry of default judgment against appellant where appellant had partially complied with court production order to produce essential documents, producing billing records for only 19 of 32 clients).

AFFIRMED.