NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 2, 2008[*]
Decided October 2, 2008

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-1498

| | |
|---|---|
| LARRY D. KEMP, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 06-cv-0282-MJR |
| | |
| JAMES B. PEAKE, Secretary of the | Michael J. Reagan, |
| Department of Veterans Affairs, | *Judge.* |
| *Defendant-Appellee.* | |

**O R D E R**

In 2004, following a series of negative performance evaluations, the Department of Veterans Affairs discharged Larry Kemp, a 56-year-old cemetery caretaker supervisor. Kemp responded with this action, alleging age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a), and unlawful retaliation. But

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Kemp's suit did not survive summary judgment. In its order the court noted that Kemp lacked any direct evidence of discrimination and that the circumstantial evidence that Kemp presented was not enough to permit a jury to infer intentional discrimination under the direct method of proof. *See Atanus v. Perry*, 520 F.3d 662, 671-73 (7th Cir. 2008). Moreover, the court wrote, Kemp could not establish a prima facie case under the indirect method of proof because he had not shown that younger, similarly situated individuals had received superior treatment. *See id.* As for his second count, Kemp could not point to a statutorily protected activity as the basis for retaliation, so that claim perished as well.

Kemp's pro se brief is vexing. As far as we can tell, his sole argument is that as a government actor Judge Reagan could not act impartially in this case brought against the federal government (actually a cabinet secretary). Kemp asserts that only a jury without "political ties to the current administration" is fit to consider his case. As evidence of this bias, Kemp offers Judge Reagan's denial of a motion to recruit counsel, *see Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (en banc), and a portion of the summary-judgment order in which the district court acknowledged that Kemp was over 40 at the time of his discharge.

This argument is without merit. It takes more than an adverse ruling to demonstrate judicial bias, *see Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002); *In re Golant*, 239 F.3d 931, 938 (7th Cir. 2001), and the record does not bear a hint of animus, prejudice, or favoritism.

AFFIRMED.