NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 31, 2010[*]
Decided May 11,  2010

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-4165

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 04-CR-250 |
| ADAM E. DAVIS, *Defendant-Appellant*. | William C. Griesbach, *Judge*. |

**O R D E R**

Adam Davis represented himself in a jury trial at which he was charged with two counts of making false statements to an FBI agent, see 18 U.S.C. § 1001, in relation to an investigation of an investment-fraud scheme. The jury returned a guilty verdict on both counts, and the district court sentenced Davis to concurrent 60-month terms of imprisonment, followed by 3 years of supervised release. Davis then moved for a new trial, see FED. R. CRIM. P. 33, and the district court denied his motion.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

Still representing himself, Davis raises three frivolous arguments on appeal. First, he asserts that the district court lacked subject-matter jurisdiction to convict him because the criminal-jurisdiction statute, 18 U.S.C. § 3231, was not lawfully enacted by the two houses of Congress during the same legislative session. This argument is foreclosed by the enrolled-bill rule, which makes § 3231 "complete and unimpeachable." *Marshall Field & Co. v. Clark,* 143 U.S. 649, 672 (1892); *United States v. Farmer*, 583 F.3d 131, 151-52 (2d Cir. 2009); see *United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007).

Next, Davis argues that his conviction is invalid because of the presiding judge's bias toward him as a *pro se* litigant. Davis asserts that this bias is evident from the numerous adverse evidentiary findings he received; he also throws in an unsubstantiated accusation that the judge bought his judgeship by making a substantial financial contribution to George W. Bush's first presidential campaign. But there is no evidence even remotely suggesting bias on the judge's part—either that he contributed any money to President Bush's 2000 presidential campaign or that he administered the trial in anything but an evenhanded fashion. See 28 U.S.C. §§ 144, 455; *Liteky v. United States*, 510 U.S. 540, 555-56 (1994); *United States v. White*, 582 F.3d 787, 807 (7th Cir. 2009); *In re Golant*, 239 F.3d 931, 938 (7th Cir. 2001).

Finally, Davis argues that the district court erred in concluding that he failed to show that the prosecution concealed evidence at trial in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). He reasserts that the prosecution failed to provide him with records from 29 different agencies, including unspecified classified documents and information regarding unidentified informants. But Davis does not specify any particular evidence he should have received, and this lack of detail dooms his *Brady* claim. See *United States v. Warren*, 454 F.3d 752, 759 (7th Cir. 2006).

AFFIRMED.