**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 30, 2020[*]
Decided May 6, 2020

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-3273

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:19-cv-01238 |
| COURTNEY NORWOOD, | Gary Feinerman, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

The United States filed suit against Courtney Norwood to enjoin him from providing tax-preparation services to others because, it alleged, he repeatedly violated federal tax law. After Norwood failed three times to meet a deadline for producing his initial discovery disclosures, the district court entered default judgment against him as a

---

[*] This court dismissed the appeal as to Moor Money Accounting, Inc., because no attorney appeared on its behalf. We agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

sanction. The court also permanently enjoined him from providing tax-preparation services. Because the judge did not abuse his discretion, we affirm.

This case arises from an Internal Revenue Service investigation into Moor Money Accounting, Inc., Norwood's tax-preparation business. Between 2015 and 2019, Norwood, as Moor Money's sole employee, prepared over 1,600 federal income-tax returns for customers. After a visit to Moor Money in 2017, the IRS assessed $21,560 in penalties against Norwood for failing to satisfy Internal Revenue Code requirements during tax years 2013, 2014, and 2015. Later in 2017 the IRS informed Norwood that it had opened an investigation into his tax-preparation work. It interviewed 32 of his customers for the 2016 tax year and found errors in 27 of their tax returns (resulting in underpayments of $37,734). The IRS also interviewed five of his 2017 customers and identified errors in all five tax returns (resulting in underpayments of $13,816). Norwood prepared the 2017 tax returns after the IRS had advised him of its investigation.

The investigation by the IRS revealed that Norwood used several methods to inflate his customers' claimed expenses and deductions, allowing him to reduce their tax liability and increase their refunds. (There was no evidence that Norwood took a cut, but he benefited from word of mouth.) Based on these conclusions, the United States filed a complaint against Norwood and Moor Money in February 2019. As relief the government sought a permanent injunction barring Norwood from any involvement in preparing federal tax returns for others and from engaging in conduct subject to penalty under the Internal Revenue Code.

The judge designated the case for participation in the Mandatory Initial Discovery Pilot Project for the Northern District of Illinois. Under the Pilot Project, a standing order is automatically entered on the docket providing written discovery obligations that supersede the customary initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure. The standing order provides that "[e]very party must provide the information called for in Part B" of that order "without the need for any request from an opposing party." Part B lists seven categories of information and calls for initial disclosures broader than what Rule 26(a)(1) requires but encompasses materials that are ultimately discoverable under other rules. The standing order and

additional information about the Pilot Project are also available on the district court's website.[1]

At the initial status hearing in April 2019 (held after his answer was due but not filed), Norwood arrived late. The judge had called the case and entered default against him and Moor Money under Rule 55(a) of the Federal Rules of Civil Procedure. Later that day Norwood filed an appearance for himself and Moor Money, and the court vacated the default for both. The judge defaulted Moor Money again, however, presumably because it never appeared through counsel as required. *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) ("[C]orporations must appear by counsel or not at all."). Because Moor Money is not a party to this appeal, we say no more about it.

Although he appeared, Norwood did not file an answer, prompting the government to move for default judgment. The judge continued the motion and set an answer deadline, which Norwood met. The judge then set a July 9, 2019 deadline for Pilot Project disclosures. The government served Norwood with its disclosures on July 8. Norwood did not provide his disclosures, and on July 22 counsel for the government emailed him, attaching the Pilot Project standing order. On July 25 counsel asked Norwood by telephone to produce his disclosures by August 8 and sent a follow-up email confirming the request. Counsel also told Norwood that he might find it helpful to discuss the Pilot Project with the "volunteer attorneys" at the district court. Norwood did not provide his disclosures, and the government filed a motion to compel.

The judge held a hearing on the motion, and when Norwood did not appear, the judge granted it, ordering him to make his Pilot Project disclosures by September 3. When Norwood did not, the government moved for default judgment as a sanction under Rule 37 of the Federal Rules of Civil Procedure. The government also requested a permanent injunction based on the allegations in the complaint. Later that day,

---

[1] The home page for the Northern District of Illinois (accessible to the public without the need to go through a case's electronic docket) displays a link entitled: "Mandatory Initial Discovery Pilot Project (MIDP)." The link leads to a page containing the applicable standing orders, several training videos, a user's manual, and a checklist, among other resources. UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, https://www.ilnd.uscourts.gov/ (last visited May 4, 2020).

Norwood emailed government counsel to say that his documents were too large to attach to an email, so he was looking for an alternative way to send them.

At the hearing on the motion for default judgment, Norwood again failed to appear. The judge ordered Norwood to comply with his initial discovery obligations by October 1 or he would enter default judgment against him. Norwood again failed to make his disclosures. (On October 1 government counsel received a thumb drive of documents Norwood had already produced in early 2018 during the IRS investigation; it did not contain most of the categories of information the Pilot Project requires.)

At a hearing a week later, Norwood told the judge that he had complied with his Pilot Project disclosure obligations by sending the thumb drive. At the judge's request, the government submitted a supplemental filing confirming that Norwood had not provided the required written disclosures. Norwood failed to appear at a follow-up hearing the next week, and the judge entered default judgment against him as a discovery sanction under Rule 37(b). The judge stated that he had "given Mr. Norwood plenty of opportunities to remedy his failure to comply with the Court's discovery orders, and he has not." The judge also concluded that his document production did not "even come close to complying." Considering the many opportunities to comply offered to Norwood, the judge found that he had "shown an unwillingness and a refusal to comply."

The judge also granted the government a permanent injunction, finding the request "appropriate in light of the unrebutted evidence" of Norwood's conduct— namely, the now-admitted allegations in the government's complaint that reflected "a persistent and serious violation" of federal tax laws. The judge agreed with the government that given the repeated nature of Norwood's conduct, the variety of his methods, and the ineffectiveness of prior monetary penalties and warnings from the IRS, only a permanent injunction barring him from all tax-preparation services would suffice to prevent continuing violations of the tax laws. The injunction prohibited Norwood from engaging in any tax-preparation activities or conduct that substantially interferes with the proper administration of tax laws. It also ordered Norwood to provide a list of his customers beginning in 2015 and to inform his customers of the injunction by email.

The next day Norwood moved to vacate the judgment, asserting that he had complied with the court's discovery orders. The judge denied the motion, finding that Norwood had not complied with his discovery obligations, the allegations against him were well supported, and he had been "given ample opportunity to defend this case."

Norwood again moved to vacate, insisting that he had complied with the court's orders. He added that the government never provided him with the Pilot Project questions as ordered by the court and that he did not have the questions until he met with the court's pro se assistance program (after the court had entered default judgment). Norwood attached his disclosures to his second motion, but in denying the motion, the judge had concluded that "given the history of this case, it is now far too late" to comply.

On appeal Norwood first argues that the judge should not have entered default judgment against him because he had no access to the Pilot Project questions, and thus his failure to comply was not his fault. Specifically, he asserts that the government never provided him with the questions despite twice being ordered to do so (he does not identify these orders) and that he could not locate them on the court's website.

Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes sanctions, including the ultimate sanctions of dismissing a plaintiff's lawsuit or entering default judgment against a defendant, when a party "fails to obey an order to provide or permit discovery." Imposition of this sanction requires a finding, either implicit or explicit, of willfulness, bad faith, or fault. *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001); *see also Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 212 (1958) (finding a Rule 37 dismissal is improper when the failure was caused by an inability to comply rather than a "willfulness, bad faith, or any fault"). Here, the judge concluded that Norwood showed "an unwillingness and a refusal to comply." We review such a finding for clear error. *In re Golant*, 239 F.3d at 936.

We discern no clear error in the judge's finding of willfulness and fault, which was appropriate given Norwood's months-long failure to comply and despite the court's multiple extensions and references to the standing order. *See Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) (fault in this context does not require a showing of intent and can be shown by "extraordinarily poor judgment" or "gross negligence" (quoting *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992))). Moreover, the government sent the standing order to Norwood in an email and provided its own disclosures. If Norwood did not understand his obligations or how to access the disclosure questions, he could have sought further clarification from the court before it entered default. Instead, he failed for months to appear at most hearings (including the final one), even though the judge permitted him to appear by telephone.

To the extent Norwood intends to challenge the judge's decision of default judgment as the sanction, we review the decision for abuse of discretion. *In re Golant*, 239 F.3d at 937. A district court must impose a sanction proportional to the wrongdoing, but it need not impose the least severe sanction. *See id.*; *Nelson v. Schultz*, 878 F.3d 236, 238–39 (7th Cir. 2017). Here, the judge's decision was reasonable. Norwood not only ignored the court for months, including three explicit discovery deadlines, he also failed to appear at the hearings to discuss his noncompliance. Further, his explanation, when it finally came, was inconsistent with the record—specifically, the judge advising Norwood that the standing order for Pilot Project disclosures was available on the electronic docket and the court's website. *See Nelson*, 878 F.3d at 239 (plaintiff failed to comply with "three orders and two last-chance warnings"); *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 191–92 (7th Cir. 2011) (plaintiff repeatedly failed to comply with deadlines, including a final extension with a warning).

Norwood also challenges the denial of his two motions to vacate the default judgment. He faults the judge for not holding a hearing on the motions and for not accepting the disclosures attached to his second motion. We also review the decisions denying Norwood's motions to vacate for an abuse of discretion. *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009). In both motions Norwood argued that he had complied with the court's orders and blamed the government for never sending him the disclosure prompts. Given the circumstances we have already described (including that the government emailed Norwood the standing order and provided its own written disclosures), we cannot say that the judge acted unreasonably in finding Norwood's excuses not credible or in determining that his late attempt to comply did not excuse his earlier failures. *See Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741–42 (7th Cir. 1998) (finding it within the court's discretion not to accept late compliance with clear discovery deadlines).

Finally, Norwood wishes to challenge the entry of the permanent injunction against him, which is a decision we also review for an abuse of discretion. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). He argues that an injunction is improper because no hearing or trial was ever conducted on the merits of the government's allegations. But that is just another way of saying that a default judgment was inappropriate. Upon the entry of default, the well-pleaded allegations of the government's complaint were taken as true. *See VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). And Norwood does not develop any argument about why—taking those detailed allegations as true—a permanent injunction was not the appropriate remedy. *See Lisle v. Welborn*, 933 F.3d 705, 722 n.4

(7th Cir. 2019) (holding that arguments not raised in an opening brief are waived). We therefore cannot take issue with the judge's conclusions that the government demonstrated Norwood's "persistent and serious violation[s]" of federal tax laws and that a less restrictive injunction would be insufficient to prevent his interference with the administration of tax laws.

AFFIRMED