**In re Mary ROBENSON, Debtor.**

**No. 88 C 5937.**

United States District Court,
N.D. Illinois, E.D.

Feb. 15, 1991.

Ronald F. Grossman, Joel A. Schechter, Grossman, Mitzenmacher & Schechter, Chicago, Ill., for appellee.

J. Mark Fisher, Laurie Kay Breitenstein, Schiff, Hardin & Waite, Chicago, Ill., for debtor.

**MEMORANDUM OPINION**

BRIAN BARNETT DUFF, District Judge.

Ms. Mary Robenson has petitioned this court for an order vacating the court's 1988 order dismissing her appeal from a final order entered by the bankruptcy court. Ms. Robenson offers a tale in support of her motion that, if true, is a shocking example of attorney incompetence and malfeasance. The court, for purposes of this motion, will take as true the facts set forth in Ms. Robenson's motion and affidavit, since her adversary, Mr. Thomas Fitzgerald, has not contested them.

In December, 1985, Ms. Robenson conveyed her home of many years to Mr. Fitzgerald with the understanding that she would retain an interest in the home allowing her to live there for the rest of her life. Apparently, her relationship with Mr. Fitzgerald deteriorated and they began protracted litigation in state court regarding the nature of her interest in the property. The Lake County Circuit Court entered the last order in the dispute, holding that Ms. Robenson had a "rental interest for life" in the home.

In 1988 Ms. Robenson filed a bankruptcy petition under Chapter 13 of the United States Bankruptcy Code. She had an attorney at the time with whom she discussed the details of her reorganization. That attorney, Ernesto P. Borges, assured her he would take care of both the bankruptcy case and the reorganization. He did not.

On May 13, 1988 Bankruptcy Judge Coar entered an order modifying the bankruptcy stay and permitting Mr. Fitzgerald to evict Ms. Robenson. Attorney Borges told Ms. Robenson that he would make an emergency motion to reinstate the stay and, that failing, appeal the order lifting the stay. He did neither. Instead, he told Ms. Robenson that he had lost the emergency motion as well as the appeal.

Ms. Robenson and her daughter made nearly weekly telephone calls to Mr. Borges inquiring about the status of her case.

Mr. Borges assured them that he was taking all necessary steps, and discouraged them from continuing to check with him. In fact, Mr. Borges had failed to submit a reorganization plan, and the bankruptcy court eventually dismissed the case. Mr. Borges never informed Ms. Robenson or her daughter of this turn of events. In fact, Ms. Robenson did not learn of the dismissal until the fall of 1989, when she received a notice from the Bankruptcy court that her court files were being transferred. Upon inquiry, she learned that the bankruptcy court had dismissed her case in 1988 for want of prosecution. Although Mr. Borges apparently transmitted the record to the district court in July, 1988, he never filed any documents in support of the appeal, nor informed Ms. Robenson of the status of her case. This court dismissed the appeal on November 8, 1988 for want of prosecution.

After Ms. Robenson learned that her bankruptcy case had been dismissed, she filed a complaint with the Illinois Attorney Registration and Disciplinary Commission (a bankruptcy court clerk told her that was her only recourse). She succeeded in recovering her files and legal fees from Mr. Borges. As she and her daughter sorted through the large, disorganized box of documents they found documents indicating that Ms. Robenson's appeal had not been decided against her as Mr. Borges had represented, but rather dismissed. She consulted with another attorney, but he refused to take any action without a $10,000 retainer.

In February, 1990, Ms. Robenson and her daughter went to the district court clerk's office in an attempt to discover the status of the appeal. It was then that they learned that this court had dismissed it for want of prosecution. They filed a pro se motion to vacate the order and the court appointed an attorney who has represented Ms. Robenson with great skill. The motion to vacate the court's order dismissing the appeal is now fully briefed. The court turns to the merits.

Fed.R.Civ.P. 60(b)(6) provides:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (6) any other reason justifying relief from the operation of judgment. The motion shall be made within a reasonable time, and for reasons in (1) ... not more than one year after the judgment, order or proceeding was entered or taken.

Ms. Robenson argues that her attorney's "gross neglect and misconduct", her own diligence, and the "extreme consequence" of her loss of her home all justify relief under Rule 60(b)(6). Mr. Fitzgerald, on the other hand, argues that Mr. Borges' treatment of Ms. Robenson's case was merely negligent, and therefore she is not entitled to the "extraordinary" relief of Rule 60(b)(6).

██ The Seventh Circuit has not yet decided whether an attorney's neglect of a *diligent* client is an adequate basis for relief under the rule, although it has made it quite clear that it remains "skeptic[al]" about the propriety of relief under Rule 60(b) for an attorney's negligence, indicating that a malpractice action may be more appropriate. *Reinsurance Company of America, Inc. v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1278 n. 1 (7th Cir.1990). The court has specifically held that where the client is not diligent, and sophisticated enough to know that it should be, it is not entitled to Rule 60(b)(6) relief. See *id.*, (holding that attorney's "gross negligence" not enough to justify relief under Rule 60(b)(6) where client, a sophisticated business, was not diligent). One thing that is clear is that the district court has broad discretion in deciding whether to grant a motion made pursuant to Fed.R. Civ.P. 60(b), although it is an "extraordinary" remedy, which the court should grant only in "exceptional" circumstances. See *id.* at 1277, citing *Lomas and Nettleton Co. v. Wiseley*, 884 F.2d 965, 967 (7th Cir.1989) and *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1204–05 (7th Cir.1984). Courts in other circuits have upheld district courts'

grant of relief under Rule 60(b)(6) where they found that the attorney was 'grossly' negligent and further misled the client about the status of the case. See *L.P. Steuart, Inc. v. Matthews*, 329 F.2d 234 (D.C.Cir.1964) and *Boughner v. Secretary of Health, Education and Welfare*, 572 F.2d 976 (3d Cir.1978).

■ This court finds that the facts presented in this case mandate relief pursuant to Rule 60(b)(6) for two reasons. First, Ms. Robenson was as diligent as she could be, calling her attorney frequently to check the status of her case. A client is not and should not be expected to double-check the information her attorney gives her about her case. The attorney-client relationship is based upon trust—one doesn't hire an attorney unless one believes that one can trust that person to vigorously (or at least adequately) pursue one's cause. Mr. Borges neglect, as detailed by Ms. Robenson, was certainly not "excusable"—it was unconscionable. These facts justify the extraordinary remedy of relief under Rule 60(b)(6).

There is a second justification for Rule 60(b)(6) relief. Ms. Robenson's hope (one which is not necessarily unreasonable based on the facts before the court) is that she will successfully appeal the bankruptcy court's order and regain an interest in the home she lost to Mr. Fitzgerald. An attorney malpractice action could not accomplish that end and it is clear that Ms. Robensons opinion is that money damages would not adequately compensate her for the (allegedly unjust) loss of her home of many years.

For these reasons, pursuant to Fed.R. Civ.P. 60(b)(6), this court grants Ms. Robenson's motion to vacate the order dismissing her appeal. Appellant's brief is due March 8, response due March 22, and reply due March 29. The parties are admonished to adhere to this schedule.