# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 08-1967

BAKERY MACHINERY & FABRICATION, INCORPORATED,

*Plaintiff-Appellant,*

*v.*

TRADITIONAL BAKING, INCORPORATED,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:06-cv-05150—**Joan Humphrey Lefkow**, *Judge.*

ARGUED FEBRUARY 11, 2009—DECIDED JUNE 29, 2009

Before BAUER, RIPPLE and WOOD, *Circuit Judges*.

BAUER, *Circuit Judge.* This case is an example of how the sins of a lawyer can be visited upon the client. In a contract dispute between Bakery Machinery & Fabrication (BMF), an Illinois corporation, and Traditional Baking, Incorporated (TBI), a California corporation, the district court entered default judgment against BMF and denied BMF's motion to vacate the default. On

appeal, BMF argues that the judgment should be vacated under Federal Rule of Civil Procedure 60(b)(6). We disagree; the record does not warrant vacating the default judgment. Therefore, we affirm the district court's denial.

## I. BACKGROUND

BMF hired attorney James Hinterlong to sue TBI in an Illinois court over a contract dispute. TBI successfully removed the lawsuit to the district court on diversity of citizenship grounds. Although the court clerk mailed Hinterlong an appearance form, Hinterlong failed to file an appearance.

TBI answered the complaint and counterclaimed. The district court entered a scheduling order that required Rule 26(a)(1) disclosures to be filed by January 10, 2007. Hinterlong did not file the disclosures by the deadline.

The district court then ordered that any amended pleadings be filed by February 28, 2007, with responses to be filed by March 14, 2007. Hinterlong did not file an amended complaint, but TBI filed an amended counterclaim on February 28, 2007. Hinterlong failed to respond to TBI's amended counterclaim by March 14, 2007.

TBI informed Hinterlong that he had not addressed the amended counterclaim; Hinterlong responded that he had not seen the amended counterclaim. Although there is a dispute as to whether Hinterlong had received a copy of the amended counterclaim, TBI sent, and Hinterlong received, another copy. Hinterlong agreed to

file an answer to the counterclaim and make his Rule 26 disclosures by March 27, 2007. In the event, Hinterlong filed neither an answer nor disclosures by that date; the district court then ordered that he respond by April 2, 2007. Once again, he failed to do so.

TBI then moved for default judgment based on BMF's failure to comply with the district court's order of March 27, 2007, and also moved for sanctions and an order to compel BMF to serve its tardy Rule 26 disclosures. In response to the default motion, Hinterlong filed (albeit not electronically in accordance with the court's General Order on Case Filing) an answer to TBI's amended counterclaim.

On April 17, 2007, the district court granted TBI's motion to compel and continued TBI's motion for sanctions until May 29, 2007. The district court also denied, without prejudice, TBI's motion for default judgment.

On June 25, 2007, the district court granted TBI's motion for sanctions in the amount of $1,375.00. The district court also ordered Hinterlong to deliver a copy of the sanctions order to BMF which included the statement that "unless the default is attributable to the client . . . the cost of this award will not be imposed on the client but rather will be borne by counsel." Hinterlong did not provide the order to BMF.

TBI then filed a 73-item request for admission of facts and the genuineness of documents, which Hinterlong never answered.

On September 6, 2007, TBI moved to strike BMF's pleadings, for a default judgment against BMF, and additional sanctions; Hinterlong responded, although not electronically. The district court, on September 24, 2007, ordered Hinterlong to file an appearance, pay a sanction for his failure to file an appearance on time, pay the un-paid sanctions ordered on June 25, 2007, and explain why he had failed to file electronically. The district court noted that "Hinterlong has unreasonably failed to comply with the court's General Order on Electronic Case Filing . . . . Hinterlong does not deny that he has failed to comply with the court's General Order on Electronic Case filing after having been admonished by the court to do so." The district court warned Hinterlong that if these orders were not complied with by October 24, 2007, all of BMF's pleadings would be stricken without leave to re-file and that the court would consider TBI's motion for default on October 25, 2007.

Hinterlong did not comply with the district court's September 24, 2007 orders and failed to appear before the court on October 25, 2007. The district court then struck all of BMF's pleadings without leave to re-file; granted TBI's motion for default on its amended counterclaim against BMF; and set a date to determine TBI's damages under the amended counterclaim.

On November 7, 2007, TBI moved for entry of judgment against BMF on the issue of damages based on supporting affidavits. On November 20, 2007, Hinterlong filed a response, but again not electronically, and failed

to explain his failure to comply with any portion of the September 24, 2007 order. That same day, the district court granted TBI's default motion and entered judgment against BMF in the amount of $582,000.00.

On December 14, 2007, Hinterlong moved to vacate the order striking BMF's pleadings, and the default award in favor of TBI. TBI timely responded, but BMF did not reply by the deadline of January 11, 2008.

On January 23, 2008, BMF was informed, purportedly for the first time, that a default judgment had been entered and recorded against it. A week later, BMF moved to substitute its counsel and stay all proceedings. In support of the motion, BMF asserted that for the previous nine months, every inquiry it made of Hinterlong concerning the status of the litigation was answered with his assurance that it was "going well." The district court granted the motion.

On February 19, 2008, BMF moved for leave to file a reply in support of its motion to vacate, originally filed by Hinterlong, citing Hinterlong's repeated inactions. TBI objected and argued that the reply was to have been filed by January 11, 2008 and that BMF's motion made new arguments—matters not made in the original motion to vacate—about Hinterlong's performance. Although the district court granted BMF's motion for leave to file, it indicated that it would disregard any new facts and arguments inappropriate for a reply brief.

The district court denied BMF's motion to vacate on April 15, 2008. It found that Hinterlong had never ex-

plained his repeated failures to comply with the court's orders and that his actions were willful and did not warrant relief under Fed. R. Civ. P. 60(b)(1). The district noted that, except for excusable neglect, a party is held to the conduct of its attorney.

This timely appeal followed.

## II. DISCUSSION

On appeal, BMF argues that the district court erred when it denied BMF's motion to vacate the default judgment. Specifically, BMF argues that the residual provision of Fed. R. Civ. P. 60(b)(6) allows this relief on equitable grounds. We review the district court's denial of a motion to vacate a default judgment only for an abuse of discretion. *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 598 (7th Cir. 2007). "Abuse of discretion in denying a 60(b) motion is established only when no reasonable person could agree with the district court; there is no abuse of discretion if a reasonable person could disagree as to the propriety of the court's action." *Williams v. Hatcher*, 890 F.2d 993, 995 (7th Cir. 1989). The district court has great latitude in making a Rule 60(b) decision because that decision "is discretion piled on discretion." *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir. 1996) (citing *Tolliver v. Northrop Corp.*, 786 F.2d 316, 319 (7th Cir. 1986).

Rule 60 of the Federal Rules of Civil Procedure "regulates the procedure for obtaining relief from final judgments." *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006). Under the "catchall" provision of Rule 60, a district court may reopen a judgment "for any other reason justifying relief

from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). As a general rule, "relief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances." *Reinsurance Company of America, Inc. v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1277 (7th Cir. 1990) (citation omitted); *see also Arrieta*, 461 F.3d at 865 ("Relief under Rule 60(b)(6) requires a showing of extraordinary circumstances justifying the reopening of a final judgment . . . .") (internal quotations and citations omitted).

BMF argues that the district court erred by denying its motion to vacate the default judgment under the residual provision of Fed. R. Civ. P. 60(b)(6). BMF points out that its appeal is not a typical Rule 60(b)(1), "bad attorney" case; rather, Hinterlong's actions provided the exceptional circumstances necessary for relief because more than simple misconduct is present. Citing *In re Robenson*, 124 B.R. 757 (N.D. Ill. 1991), where Rule 60(b)(6) relief was granted based on client diligence and unconscionable attorney neglect, BMF argues that Rule 60(b)(6) relief should have been awarded because Hinterlong affirmatively deceived a diligent BMF about the litigation's status.

The problem with this argument is that three years after *Robenson*, we drew a clear line in *United States v. 7108 West Grand Avenue*, 15 F.3d 632, 634 (7th Cir. 1994) when we said that "[t]he clients are principals, the attorney is an agent, and under the law of agency the principal is bound by his chosen agent's deeds." The rule is that *all* of the attorney's misconduct (except in the cases where

the act is outside the scope of employment or in cases of excusable neglect) becomes the problem of the client. *See id*. A lawyer who inexcusably neglects his client's obligations does not present exceptional circumstances. *See Williams*, 890 F.2d at 996. Hinterlong's actions, even with BMF's purported diligence, do not fall within the exceptions to the rule and do not rise to the level of "exceptional" to warrant such "extraordinary" relief.

BMF's beef is against Hinterlong, not the court's ruling on the case. Deception of a client becomes the liability of the client's attorney and not the client's opponent. *See Tolliver*, 786 F.2d at 319 ("Holding the client responsible for the lawyer's deeds ensures that both clients and lawyers take care to comply. If the lawyer's neglect protected the client from ill consequences, neglect would become all too common."). Since clients must be held accountable for their attorney's actions, it does not matter where the actions fall between "mere negligence" and "gross misconduct." *See 7108 West Grand Avenue*, 15 F.3d at 635. "Malpractice, gross or otherwise, may be a good reason to recover from the lawyer but does not justify prolonging litigation against the original adversary." *Id*. at 633. *See United States v. Di Mucci*, 879 F.2d 1488, 1496 (7th Cir. 1989) ("It seems clear to us that the law in this circuit is that an attorney's conduct must be imputed to his client in *any* context.") (emphasis in original).

BMF has sued its lawyer, but was unfortunately welcomed with, not surprisingly, Hinterlong's lack of malpractice insurance. From our reading of the case, this is the "exceptional circumstance" that BMF suffers: that it

cannot recover from an uninsured Hinterlong. This reason, though, does not deem the district court's denial of the motion to vacate an abuse of discretion under Rule 60(b)(6); BMF voluntarily *chose* Hinterlong, without, presumably, inquiring into his insured status. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 633-34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation . . . .").

### III.  CONCLUSION

For these reasons, we find that the district court did not abuse its discretion when it denied BMF's motion to vacate the default judgment. Therefore, we AFFIRM.