NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2012[*]
Decided November 1, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 12-1024

| | |
|---|---|
| ANTHONY J. KISELIS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 11 C 6518 |
| ANTHONY G. SUIZZO, et al., | |
| *Defendants-Appellees*. | Blanche M. Manning, |
| | *Judge*. |

**O R D E R**

Anthony Kiselis, an attorney representing himself, appeals the district court's denial of his second motion to reconsider its dismissal of his civil complaint. We affirm.

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. The appeal is thus submitted on the brief and the record. *See* Fed. R. App. P. 34(a)(2)(C).

Kiselis sued Northwestern Memorial Hospital and Briar Place (a nursing and rehabilitation center) for holding him for medical treatment against his will, in violation of the Thirteenth Amendment and the rarely invoked Antipeonage Act, 18 U.S.C. §§ 1581–1596. He also sued Anthony Suizzo, a former law-firm colleague, for unpaid wages for work performed a decade earlier. The district court screened the complaint and dismissed it for failing to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). Kiselis moved the court to reconsider, but it declined to change its ruling.

Thirty-one days later, Kiselis submitted another filing—the subject of this appeal—in which he asserted that the court (1) did not give him notice before dismissing his complaint and (2) should have conducted a hearing to develop his legal arguments. The district court treated this filing as a second motion to reconsider and denied it.

On appeal Kiselis challenges the district court's original order dismissing his complaint and the subsequent order denying his second motion to reconsider. He insists that his claims are meritorious and continues to press his arguments about inadequate notice and the need for a hearing.

Our review here is limited to the denial of Kiselis's second motion to reconsider. Any challenge to the dismissal order is time-barred. *See* Fed. R. App. 4(a)(1)(A) (civil judgments and orders must be appealed within thirty days). But Kiselis's appeal of the denial of his second motion to reconsider is timely (he filed the notice of appeal twenty-four days after the denial). Because more than thirty days had passed since the judgment, we construe the motion as arising under Federal Rule of Civil Procedure 60(b) and review it for an abuse of discretion, *see, e.g., Blue v. Int'l Bhd. of Elec. Workers Local Union 159*, 676 F.3d 579, 583–84 (7th Cir. 2012), mindful that Rule 60(b) is an "extraordinary remedy" granted only in "exceptional circumstances," *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009).

To the extent that Kiselis's "lack of notice" argument challenges the dismissal order as inconsistent with due process and thus void under Rule 60(b)(4), *see Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 631 (7th Cir. 2007), it is unpersuasive. The district court was expressly authorized by statute to take this action. *See* 28 U.S.C. § 1915(e)(2) (stating that the court "shall dismiss the case *at any time*" upon conclusion that it "fails to state a claim on which relief may be granted" (emphasis added)). A sua sponte dismissal of a meritless complaint that cannot be saved by amendment comports with due process. *See Curley v. Perry*, 246 F.3d 1278, 1283–84 (10th Cir. 2001) (collecting cases upholding constitutionality of 28 U.S.C. § 1915(e)(2)). Kiselis has not suggested how he would amend his complaint. His allegations only amount to a claim that he was illegally detained; nothing in his complaint

suggests that he was forced to work as prohibited by the Thirteenth Amendment and Antipeonage Act. *See, e.g.*, *United States v. Kozminski*, 487 U.S. 931, 943 (1988). Indeed, nothing in any of Kiselis's filings suggests that the hospital or nursing home forced him to work. Finally, Kiselis has not identified any other "exceptional circumstances" justifying relief. Fed. R. Civ. P. 60(b)(6); *Bakery Mach.*, 570 F.3d at 849.

AFFIRMED.