NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 23, 2013[*]
Decided January 23, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-2750

| | |
|---|---|
| GERALD ACE GUICE, JR., | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Western Division. |
|     *v.* | |
| | No. 12 C 50175 |
| CHARLES R. WINKLER, et al., | |
|     *Defendants-Appellees*. | Philip G. Reinhard, |
| | *Judge*. |

**ORDER**

Gerald Guice received a smaller share than expected from his father's estate and blames his probate lawyer. He sued the lawyer in state court, alleging that counsel had committed malpractice by fabricating a gift from his father to other relatives of stock certificates that otherwise would have been distributed to Guice. After losing that suit,

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Guice filed this action in federal court claiming that the presiding state judge, the defendant probate attorney, and other lawyers involved in the malpractice litigation "conspired" to prevent him from winning that case. Essentially he repeats his malpractice theory and adds that the defendant judge not only ignored or misunderstood his evidence but also excluded testimony from physicians that a head injury made it difficult for him to understand legal issues.

The district court allowed Guice to file his complaint in forma pauperis but dismissed it immediately as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). Among other reasons, the court cited the *Rooker-Feldman* doctrine, *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), and the state judge's absolute judicial immunity. Guice did not appeal the dismissal but filed instead, more than a month after entry of judgment, a motion that we construe as one under Federal Rule of Civil Procedure 60(b). *See* FED. R. APP. P. 4(a); *Blue v. Int'l Bhd. of Elec. Workers Local Union 159*, 676 F.3d 579, 583–84 (7th Cir. 2012). The district court denied the motion, prompting this appeal.

In this court Guice argues the merits of his civil-rights lawsuit, but an appeal from the denial of a Rule 60(b) motion is not a means to challenge the underlying decision. *See Blue*, 676 F.3d at 584; *Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003). Rule 60(b) is an extraordinary remedy, *Wills v. Lepine*, 687 F.3d 826, 833 (7th Cir. 2012); *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009), and Guice does not assert any basis for relief specified in that rule.

AFFIRMED.