NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**
Submitted September 29, 2014[*]
Decided September 30, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-3554

| | |
|---|---|
| LASHAWN N. LOFTON,<br> *Plaintiff-Appellant*,<br><br> *v.*<br><br>SP PLUS CORPORATION, f/k/a<br>STANDARD PARKING<br>CORPORATION, and TEAMSTERS<br>LOCAL UNION NO. 727,<br> *Defendants-Appellees*. | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division.<br><br>No. 12-cv-5716<br><br>John W. Darrah,<br>*Judge*. |

**O R D E R**

LaShawn Lofton was granted leave to proceed in forma pauperis ("IFP") in this lawsuit. But when the district court learned that Lofton had failed to disclose several assets on her IFP application, the court concluded that she had committed a fraud on

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

the court and dismissed the case with prejudice as a sanction. We conclude that the district court properly exercised its discretion, and thus we affirm the judgment.

When Lofton filed her federal complaint she sought to proceed IFP. In her sworn application she acknowledges receiving unemployment benefits but avers that she has no assets and no other source of funds. The district court granted Lofton pauper status, waived the filing fee, and later recruited counsel. Lofton's lawyer filed an amended complaint raising several claims, including that former employer SP Plus Corporation fired her because of a disability, *see* 42 U.S.C. § 12188, and that her union, Teamsters Local Union No. 727, breached its duty of fair representation, *see* 29 U.S.C. § 159(A).

The defendants moved to dismiss, asserting in part that Lofton had falsified her IFP application. *See* 28 U.S.C. § 1915(e)(2)(A) (mandating dismissal if allegation of poverty is untrue). A year earlier Lofton had petitioned for Chapter 13 bankruptcy and disclosed then that she owns a house, a $7,000 car, and a $2,600 fur coat. She also disclosed that family was providing some financial assistance. In response Lofton conceded that she had failed to disclose these items but asserted that she had misunderstood the form. She did not realize, she explained, that a house qualifies as "real estate" or that she "owned" her car if a creditor retained title. Lofton added that she had omitted the fur coat because it had depreciated in value (and has since been stolen) and that her family has stopped sending money. She attributed her misrepresentations to the fact that she had prepared the IFP application herself, unlike the bankruptcy paperwork completed by lawyers.

The district court dismissed the lawsuit with prejudice—not explicitly under § 1915(e)(2)(A), as the defendants had requested—but apparently as a sanction for filing a fraudulent document with the court. The court disbelieved Lofton's assertion of confusion in light of the documents she had filed in the bankruptcy case. Thus, the court concluded, Lofton had committed a fraud on the court that allowed her to avoid the filing fee and receive pro bono counsel.

Lofton argues on appeal that the district court abused its discretion by dismissing her case with prejudice as a sanction. She maintains that the omissions from her IFP application were inadvertent, and thus she did not intentionally deceive the court. Lofton explains that her medical conditions (high blood pressure, diabetes, and a history of strokes) impeded her ability to complete the IFP application, but this contention is waived because Lofton makes it for the first time on appeal. *See Cnty. of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819–20 (7th Cir. 2006).

Underlying the dismissal is the district court's factual finding that Lofton intentionally falsified her IFP application, and we review that finding only for clear error. *See Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 308 (7th Cir. 2002). The district court rejected Lofton's assertion that she had misunderstood the questions on the IFP application. The application includes pointed questions about houses and cars, including the current value and equity held in those items. The question about real estate, in particular, makes plain that a home "with or without a mortgage" must be divulged. Lofton had disclosed her house, car, and fur coat on her bankruptcy schedules, and when she modified her Chapter 13 payment plan just two months before seeking pauper status, she also acknowledged receiving financial assistance from her family. And previously in 2009, during her divorce proceedings, Lofton had completed a similar financial affidavit and disclosed that she owned a house. The district court's finding that Lofton lied on her IFP application is amply supported, and with that finding intact, we turn to whether the district court abused its discretion by dismissing the case with prejudice as a sanction.

Dismissal with prejudice is an appropriate sanction when a plaintiff tries to deceive the district court by falsifying an IFP application. *Thomas*, 288 F.3d at 306–07; *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 547 (7th Cir. 1998). Proceeding in forma pauperis is a privilege, and courts depend on the plaintiff's honesty in assessing her ability to pay. Abusing this privilege warrants dismissal with prejudice as a sanction for lying, and we therefore conclude that the district court did not abuse its discretion. *See Greviskes v. Univs. Research Ass'n, Inc.*, 417 F.3d 752, 754–59 (7th Cir. 2005) (upholding dismissal with prejudice where plaintiff had assumed identity of former coworker and faxed to former employer a fraudulent request for coworker's payroll records); *Dotson v. Bravo*, 321 F.3d 663, 668–69 (7th Cir. 2003) (recognizing district court's inherent authority to dismiss with prejudice for abuse of judicial process); *Thomas*, 288 F.3d at 306–07 (upholding sanction of dismissal with prejudice where plaintiff had omitted from IFP application that he would be receiving more than $50,000 from retirement account); *Mathis*, 133 F.3d at 547 (upholding dismissal with prejudice where plaintiff failed to disclose $14,000 of equity in house and falsely stated that he was not represented by appointed counsel in other litigation).

AFFIRMED.