**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 7, 2016[*]
Decided September 15, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 15-3733

| | |
|---|---|
| SHUNTAY ANTONIO BROWN, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 15 C 1313 |
| CAROLYN W. COLVIN, | |
| Acting Commissioner of Social Security, | Amy J. St. Eve, |
|     *Defendant-Appellee*. | *Judge*. |

## O R D E R

Shuntay Brown sought judicial review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. The district court dismissed the suit without prejudice after concluding that Brown had failed to exhaust his administrative remedies. Brown moved for reconsideration of that determination under Federal Rule of Civil Procedure 60(b), and the court denied the motion. We affirm.

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Brown applied for SSI and DIB based on various mental-health conditions. Those applications were denied initially and on reconsideration.

Rather than request a hearing in front of an administrative law judge (the next step in the agency's administrative review process), Brown filed this suit. In March 2015, the district court dismissed the suit; he did not exhaust administrative remedies, the court said, because he did not seek review from an ALJ and the Appeals Council.

Brown then requested and received a hearing before an ALJ, who concluded in a decision dated May 13, 2015, that he was not disabled. The ALJ found that Brown was capable of a full range of work at all exertional levels, with certain limitations regarding his ability to perform simple, routine, and repetitive tasks and his interactions with others. The ALJ informed Brown that he had 60 days within which to appeal her decision to the Appeals Council, *see* 20 C.F.R. §§ 404.968, 416.1468. Over the following month, Brown sent multiple letters to the ALJ asking her to reopen the case. The ALJ denied these requests, and in a letter of June 10, 2015, informed Brown that he should file an appeal with the Appeals Council "immediately" if he disagreed with her unfavorable decision in May.

Brown filed an appeal with the Appeals Council on July 29. The Appeals Council dismissed the request for review as untimely, finding no good cause to extend the time for appealing because Brown repeatedly had been advised that he needed to file an appeal within 60 days of the ALJ's decision.

Brown then returned to the district court and sought reconsideration of its earlier dismissal on grounds that the agency had rendered a final decision that the court could review under 42 U.S.C. § 405(g). The court denied his motion. The agency's final decision was the Appeals Council's dismissal, which the court said was not subject to further review, and Brown had not established exceptional circumstances meriting relief under Rule 60(b).

On appeal Brown maintains that he is entitled to Rule 60(b) relief because he has exhausted the agency's administrative-review process but says nothing to suggest why the district court was wrong to conclude that he did not demonstrate exceptional circumstances to merit the "extraordinary remedy" of relief under that rule, *Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 668 (7th Cir. 2014) (quoting *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009)). Even pro se litigants must comply with Federal Rule of Appellate Procedure 28(a)(8), which requires that an appellate brief contain a cogent argument and reasons supporting it. In his reply brief,

Brown asserts that his mental impairments and lack of counsel kept him from complying with the administrative-review procedures, but he waived those arguments by not developing them and by raising them for the first time only in his reply brief. *See Nationwide Ins. Co. v. Cent. Laborers' Pension Fund*, 704 F.3d 522, 527 (7th Cir. 2013). To the extent that Brown seeks to challenge the underlying dismissal for failure to exhaust administrative remedies, he may not do so because in a prior order we limited this appeal to a review of the order denying the Rule 60(b) motion (the order of December 3, 2015).

AFFIRMED.