NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 1, 2018[*]
Decided February 1, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-1745

| | |
|---|---|
| LASHAWN N. LOFTON, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 12 C 5716 |
| SP PLUS CORP., f/k/a STANDARD PARKING CORPORATION and TEAMSTERS LOCAL 727, | Rebecca R. Pallmeyer, |
| *Defendants-Appellees*. | *Judge*. |

## O R D E R

Lashawn Lofton seeks to reopen her case more than two years after we affirmed its dismissal as a sanction for lying on her application to proceed in forma pauperis. The district judge denied Lofton's motion for relief from judgment under Federal Rule of Civil Procedure 60(b), and then denied her motion to reconsider that decision. We affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In 2012 Lofton, a parking garage attendant, sued her former employer, SP Plus Corporation, and her local union. The Second Amended Complaint, filed by Lofton's recruited counsel, claimed that SP Plus discriminated against her based upon her disability (the effects of prior strokes), discharged her in retaliation for reporting suspected theft, and was responsible for a battery or assault she suffered at the hands of a supervisor. Lofton also claimed that Teamsters Local 727 breached its duty of fair representation in the grievance process after SP Plus fired her.

SP Plus moved to dismiss Lofton's complaint because, among other things, Lofton had omitted income, personal property, and real estate from her successful application to proceed in forma pauperis. The district judge granted the motion on that basis and dismissed the case with prejudice. We affirmed the sanction in October 2014. *Lofton v. SP Plus Corp.*, 578 F. App'x. 603, 604 (7th Cir. 2014) (citing *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306–08 (7th Cir. 2002)).

In 2016 Lofton moved to reopen her case, to proceed in forma pauperis, and for recruited counsel. In her motion, Lofton said only: "I am [a] disabled person asking this court[] to have mercy for me." Judge Darrah granted all three motions without explanation. One month later, the case was reassigned to Judge Pallmeyer, who vacated the order granting reinstatement because Lofton's motion had not mentioned any of the "narrow circumstances" covered under Federal Rule of Civil Procedure 60(b)—the only vehicle for reopening her case. Judge Pallmeyer then denied Lofton's motion to reconsider, which was filed by her recruited attorney. Lofton appeals both rulings.

Lofton, now pro se, wants another bite at the apple—that much is clear. But her brief is patently inadequate. On the first page she declares that she had illnesses, and on the last page she asks us "for mercy." In between, she does not address the district judge's reasoning or make any cogent legal argument; she largely discusses issues related to her disability and her loss of pension benefits. We would be well within our rights to dismiss Lofton's appeal under Federal Rule of Appellate Procedure 28(a)(8). *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

Addressing the merits of the appeal does not help Lofton. District judges have "'discretion piled on discretion'" when making a Rule 60(b) decision. *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (quoting *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir. 1996)). Although a movant is required to specify which Rule 60(b) ground justifies relief, Lofton simply said that she had a disability. *See Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

Because she failed to make a discernible argument, the judge had reason enough to deny her motion. *See Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

In any case, no Rule 60(b) ground justifies relief. If, as the judge thought, Rule 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect") was the most applicable subsection, Lofton missed the one-year jurisdictional deadline. FED. R. CIV. P. 60(c)(1); *see Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006). And Lofton did not argue that her health setbacks amounted to "extraordinary circumstances" under the catchall provision, Rule 60(b)(6). *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Lofton's recruited attorney filed the motion to reconsider in which he discussed only whether an amended complaint would be timely—but that is not a relevant Rule 60(b) argument.

Lofton's remaining appellate contentions fail. She rehashes her original claims, which is inappropriate at this stage. *See Swaim*, 73 F.3d at 722 ("we review only the Rule 60(b) decision itself for an abuse of discretion and will not visit the merits of the underlying … judgment."). And she alludes to other claims that were never brought before the district judge; those claims are waived. *See Poullard v. McDonald*, 829 F.3d 844, 855 (7th Cir. 2016) (citing *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012)).

AFFIRMED.